STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-69

DORIS CLARK, *et al.*,

Plaintiffs

v.

STATE OF MAINE WORKERS'
COMPENSATION BOARD,

Defendant

**DECISION ON APPEAL**

DONALD L. GARBRECHT
LAW LIBRARY

SEP 16 2005

This matter comes before the court for review pursuant to M.R. Civ. P. 80C and 5 M.R.S.A. § 8058 and 11101. On appeal is the action or inaction of the Maine Workers' Compensation Board ("Board") with regard to extension of payments for partial disability claims. Because the court finds that the Board failed to act as required by statute, the appeal will be granted and the matter will be remanded.

### Discussion

Title 39-A M.R.S.A. § 213(4) provides:

> Effective January 1, 1998 and every January 1st thereafter, the 260-week limitation contained in subsection 1 must be extended 52 weeks for every year the board finds that the frequency off such cases involving the payment of benefits under section 212 or 213 is no greater than the national average based on frequency from the latest unit statistical plan aggregate data for Maine and on a countrywide basis, adjusted to a unified industry mix.

Each year since 1998 the Board has hired an actuarial service to determine if the frequency of cases exceeds the national average. The procedure selected by the Board calls for the Board to review the report from the actuary and decide whether or not to propose a rule which would receive public hearing before a final vote on the decision to extend. In 1998, the Board determined that the 52-week extension should not be

granted. In 1999 and 2000, the extension was granted by rule. In 2001, after drafting a proposed rule and holding public hearings, the final vote by the Board to extend the benefits failed. That vote was subject to appeal to the Superior Court and from there to the Law Court. *Lingley v. Maine Workers' Comp. Bd.*, 2003 ME 32, 819 A.2d 327. The Law Court upheld the decision of the Superior Court that the appellants had failed to make a timely appeal, but also noted that the Board's vote on the motion to adopt the proposed rule, which failed, was an act – not a refusal or failure to act.

The present case differs from *Lingley* both on its facts and its result. The present case involves consideration of extension of the partial disability payments for 2002.[1] On August 20, 2002, the Board met to consider the actuarial reports regarding the claims for 2002 and 2003. After discussion, Director Kirkpatrick moved to accept the actuarial reports and send them out for public comment with a proposed rule as the first step in adopting the reports and extending the benefits. This motion failed on a vote of 3-4. (Record, p. 8). After further discussion, a motion was made to table the reports and to set up a subcommittee to return to the Board with goals and criteria concerning the reports. This motion to table passed 7-0. (Record, p. 10) No further action was taken by the Board in 2002 or any other time since with regard to the required 2002 finding.

The intervenor[2] maintains that the Board took final agency action on August 20, 2002, when it declined to reach a majority on the question of whether to accept the reports and send a proposed rule out for public hearing. On the other hand, the petitioner argues that the Board did not act in 2002 because they failed to find whether the frequency of cases exceeded the national average, as they are required to do by

[1] The Board also had before it the same question for 2003, but that decision was not appealed.
[2] The Workers' Compensation Coordinating Council.

statute. The court agrees with the petitioners. The intervenor relies heavily on *Lingley* for the proposition that the Board has acted by means of its initial vote. However, the case can be distinguished by the important fact that in *Lingley* the vote of the Board which failed was the final act of the Board on whether or not the benefits would be extended. In the present case, the Board's vote occurred during its first consideration of the issue when deciding whether to send the matter for public comment. The vote simply was to table the issue pending receipt of the subcommittee report. In other words, it was not adoption of the extension which failed, it was a failure to even finish consideration of the reports as required by statute. *Lingley* does not control.

Since the court finds that the Board failed to act as required by statute, the entry will be:

    Appeal GRANTED; REMANDED to the Maine Workers' Compensation Board for further action consistent with this opinion.

Dated: September___11___, 2003    _____
               S. Kirk Studstrup
               Justice, Superior Court

3

Date Filed __9/16/02__ _____Kennebec_____ Docket No. __AP02-69__

County

Action ___Petition for Review___

80C

**DUMMY DOCKET SHEET**

# J. STUDSTRUP

Doris Clark, et als          VS.   Maine Workers' Comp. Board

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| James g. Fongemie, Esq.<br>Four Union Park<br>P.O. Box 5000<br>Topsham, Maine   04085-5000 | John C.Rohde, Esq.   Paul Stern, AAG<br>27 State House Station<br>Augusta, Maine   04333-0027<br>Kevin M. Gillis, Esq. (Workers' Comp.)<br>511 Congress St., PO Box 9711<br>Portland, Maine   04104-5011 |

| Date of Entry | |
|---|---|
| 9/16/02 | Complaint and Petition for Review of Final Agency Action and/or Failure or Refusal of Agency to Act, filed. s/Fongemie, Esq. |
| 10/4/02 | Statement of Respondent, Maine Workers' Compensation Board, Pursuant to 5 M.R.S.A  11005 |
| 10/7/02 | Certificate of Administrative Record, filed.  s/Rohde,Esq. |
| 10/9/02 | Notice of briefing schedule mailed to attys of record. |
| ------- | Motion to Intervene, filed. s/Gillis, Esq.<br>Memorandum in Support of Motion to Intervene, filed. s/Gillis, Esq. |
| 10/23/02 | Answer, filed.  s/P. Stern, AAG  (filed 10/21/02) |
| 11/7/02 | ORDER ON MOTION TO INTERVENE, STUDSTRUP, J.<br>Motion granted. WCCC is granted permission to interevene as a party.<br>Copies mailed to attys of record. |
| 11/14/02 | Motion to Stay the Briefing Schedule, filed. s/Fongemie, Esq. |
| 12/16/02 | MOTION TO STAY BRIEFING SCHEDULE, Studstrup, J.<br>Motion granted and briefing schedule is stayed pending decision of the Court in Lingley vs. MWCB.<br>Copies mailed to attys of record. |
| 3/20/03 | Letter to Justice Strudstup requesting further stay, filed. s/Fongemie, Esq<br>REQUEST GRANTED.  Briefing schedule further stayed.<br>Copies mailed to attys of record. |
| 4/18/03 | Letter from attorney Fongemie indicating that briefing schedule should now issue.<br>Notice of briefing schedule mailed to attys of record. |
| 5/27/03 | Plaintiffs' Brief in Support of Complaint and Petition for Review of Final Agency Action and/Or Failure or Refusal of Agency to Act, filed. |