## 2009 ME 112

### Frank D. FOURNIER

v.

### DEPARTMENT OF CORRECTIONS.

Supreme Judicial Court of Maine.

Submitted On Briefs: Oct. 14, 2009.
Decided: Nov. 19, 2009.

Frank D. Fournier, Warren, ME, pro se.

Janet T. Mills, Attorney General, Diane Sleek, Asst. Atty. Gen., Office of the Attorney General, Augusta, ME, for Maine Department of Corrections.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

SAUFLEY, C.J.

[¶ 1]   Frank D. Fournier appeals from a judgment of the Superior Court (Knox County, *Hjelm, J.*) dismissing as untimely his complaint for review of a final agency decision by the Department of Corrections arising from allegations of, among other things, damage to Fournier's property during a cell search.   *See* 5 M.R.S. § 11002 (2008);  M.R. Civ. P. 80C. We affirm the judgment.

[¶ 2]   The Maine Administrative Procedure Act and the Maine Rules of Civil Procedure govern the commencement of an appeal from a state agency's decision. M.R. Civ. P. 80C;  5 M.R.S. § 11002 (2008). A party seeking review of a final agency action must file a petition for review in the Superior Court within thirty days after receiving notice of an adverse ruling.   5 M.R.S. § 11002(1), (3).   The time limit for filing a petition for review of final agency action pursuant to the Administrative Procedure Act is jurisdictional.   *See Davric Me. Corp. v. Bangor Historic Track, Inc.,* 2000 ME 102, ¶ 11, 751 A.2d 1024, 1029–30. This time limit must be applied uniformly and consistently to parties represented by counsel and self-represented parties alike. *See Brown v. Thaler,* 2005 ME 75, ¶ 8, 880 A.2d 1113, 1115–16 (discussing requirements for service of process).

[¶ 3]   A petition for review filed without all legally required elements, including a filing fee and pleading summary sheet, will not be docketed and will be returned by the court clerk as incomplete.   M.R. Civ. P. 5(f), (h).

[¶ 4]   If a party cannot afford to pay a filing fee, that party may instead submit an application to proceed without payment

of fees along with the petition for review. M.R. Civ. P. 91(b). The application must be accompanied by a supporting affidavit. M.R. Civ. P. 91(a)(2).

[¶ 5] A person confined in a correctional facility must satisfy an additional requirement to proceed without paying the filing fee when commencing an action that concerns either a condition of confinement or the effect of a government official's action on the confined person's life. *See* 4 M.R.S. § 1058(1) (2008).[1] In these circumstances, the application to proceed without payment of fees must be accompanied by a certified copy of the confined person's general client account statement from the correctional facility or facilities in which the person is or was confined. *Id.* The certified client account statement or statements must cover the six-month period preceding the filing of the action. *Id.* When all necessary certified client account statements have been filed with the Rule 91 application and affidavit, the application to proceed without payment of fees is complete, and the petition "shall thereupon be entered upon the docket." M.R. Civ. P. 91(b); *see* 4 M.R.S. § 1058.

[¶ 6] In summary, within thirty days after receiving notice of an adverse ruling, a party seeking review of a final agency action must properly complete and file the following documents in the Superior Court:

- The petition for review;
- A complete summary sheet;[2] and
- Either of the following:
- The filing fee; or
- An application to proceed without payment of fees accompanied by:
  - A supporting affidavit that complies with M.R. Civ. P. 91(a)(2); and
  - If incarcerated, a certified copy of the general client account statement from the correctional facility or facilities in which the person was confined for the preceding six-month period.

*See* 4 M.R.S. § 1058(1); 5 M.R.S. § 11002(1), (3); M.R. Civ. P. 91(a), (b); *see also* M.R. Civ. P. 5(f), (h).

[¶ 7] Here, Fournier's first attempted filing was returned as incomplete because he failed to include a summary sheet or the required components of the application to proceed without payment of fees. *See* 4 M.R.S. § 1058(1); M.R. Civ. P. 5(f), (h). His second attempted filing was returned as incomplete because he again failed to file a summary sheet. *See* M.R. Civ. P. 5(f), (h). Fournier finally filed and docketed his petition for review of final agency action forty-nine days after he received notice of the Department's final decision. Because Fournier failed to comply with the thirty-day filing requirement of the Administrative Procedure Act,

---

1. This statute provides:
   **Prepayment of filing fee and certified copies required.** A person who is confined in a federal, state, county or local correctional or detention facility may not bring a civil action arising under federal or state law in any court in this State with respect to a condition of that person's confinement or the effect of an action or inaction by a government official on the life of that person confined and may not appeal a judgment in such a civil action without prepayment of the filing fee unless, in addition to the in forma pauperis application and affidavit required by the Maine Rules of Civil Procedure, Rule 91, that person submits a certified copy of the general client account statement for that person for the 6–month period immediately preceding the filing of the action or appeal, obtained from the appropriate official of each facility at which that person is or was confined.

   4 M.R.S. § 1058(1) (2008).

2. There are limited exceptions to this requirement, none of which are applicable here. *See* M.R. Civ. P. 5(h)(3).

5 M.R.S. § 11002(3), the court properly dismissed his complaint as untimely.

The entry is:

Judgment affirmed.