STATE OF MAINE
CUMBERLAND, ss.

BUSINESS AND CONSUMER COURT
Location:    Portland
Docket No.    BCD-WB-AP-10-25
JCN-Cum- 3/31/2011

Richard Lewiston, et al.,

    Petitioners  .

v.

    **ORDER**
    (Motion to Dismiss)

State Tax Assessor,

    Respondent

This matter is before the Court on Respondent's Motion to Dismiss. Through its motion, Respondent seeks the dismissal of the claims filed on behalf of any individuals or entities other than Petitioners Richard and Lois Lewiston.

Respondent contends that Petitioners improperly joined their claims in one petition for judicial review pursuant to M.R. Civ. P. 80C. More specifically, Respondent argues that contrary to the requirements of the applicable rule and statute, Petitioners have, in one Petition, sought judicial review of final agency action on the requests for reconsideration of several individual tax assessments. According to Respondent, each individual Petitioner was required to file a separate petition, civil case summary sheet, and filing fee.

Petitioners assert that their filing is appropriate because all of the assessments result from a combined audit by the Maine Revenue Services of 10 partnerships that were owned by six individual partners. Petitioners note that although the individual assessments might differ, the agency issued assessments simultaneously, and the agency's reasoning is essentially the same in each case.

In *Fournier v. Department of Corrections*, 2009 ME 112, ¶ 3 983 A.2d 403, 404, the Law Court wrote, "[a] party seeking review of a final agency action must file a petition for review in the Superior Court within thirty days after receiving notice of an adverse ruling ... A petition for review

1

filed without all the legally required elements, including a filing fee and pleading summary sheet, will not be docketed and will be returned by the court clerk as incomplete." *Fournier*, 2009 ME 112, ¶ 3, 983 A.2d at 404. Citing *Fournier*, Respondent maintains that because the Petitioners other than Petitioners Lewiston did not file a civil summary sheet and filing fee, the Court does not have jurisdiction to consider their challenge to the agency's tax assessment.

Assuming, *arguendo*, that an individual petition, summary sheet and filing fee are required for each Petitioner in this case as Respondent contends, the issue is whether the Court must dismiss the claims of the Petitioners other than Petitioners Lewiston. Simply stated, the Court determines that dismissal is not required. Whether the court could have have rejected the filing as incomplete is debatable. However, the court did not return the filing to the Petitioners. Instead, the court accepted and docketed the filing. Under these circumstances, the absence of a filing fee and summary sheet does not deprive the Court of jurisdiction to consider the merits of the Petitioners' substantive claims.[1] Accordingly, the Court denies Respondent's Motion to Dismiss.

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Order into the docket by reference.

Date: 8/29/11

Justice, Maine Business & Consumer Court

Entered on the Docket: 8/31/11
Copies sent via Mail ___ Electronically ✓

---

[1] In *Fournier*, on two occasions, the court rejected the petitioner's filing as incomplete, and returned the filing to petitioner. Unlike in this case, therefore, the court in *Fournier* never accepted the case for filing within the 30-day period within which an aggrieved party must seek judicial review of final agency action.