ENTERED JAN 2 9 201

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-14-42

TDW-CUM-01-22-2015

STATE OF MAINE
Cumberland, ss, Clerk's Office

JAN 22 2015

RECEIVED

PATRICK COOMBS,

Petitioner,

v.

ORDER

MAINE DEPARTMENT OF CORRECTIONS,
et al,

Respondents

Petitioner Patrick Coombs has brought an action under Rule 80C and 5 M.R.S. § 11001 et seq. to review an action by the Department of Corrections Disciplinary Board. The petition for review is brought against respondents Department of Corrections, Warden Scott Landry, and Captain Shawn Welsh.

Before the court is the motion by respondents to dismiss Coombs's petition as untimely.

Maine's Administrative Procedure Act and the Maine Rules of Civil Procedure govern commencement of an action for judicial review under the Maine Administrative Procedure Act. 5 M.R.S. § 11002(3). The statute imposes a thirty-day time limit to file a petition for review of a final agency action. *Id.* Under Rule 5(e), filing requires actual receipt by the clerk of the court. M.R. Civ. P. 5(e).[1] The 30-day time limit is jurisdictional and "must be applied uniformly and

---

[1] While M.R.Civ.P. 5(b) provides that service is complete upon mailing, there is no comparable provision that filing has been accomplished once a pleading has been mailed to the clerk's office. Instead the date of filing has consistently been interpreted as the date of receipt by the clerk. *See, e.g., Cooper v. City of Ashland,* 871 F.2d 104 (9th Cir. 1989);p 3A C. Harvey, Maine Civil Practice App § A2:8 at 37 ("Depositing a notice in the mail within [the deadline] is not sufficient, if the clerk does not receive it by the deadline").

consistently to parties represented by counsel and self-represented parties alike." *Fournier v. Department of Corrections*, 2009 ME 112 ¶ 2, 983 A.2d 403.

Coombs's affidavit states he received notice of the decision through the internal prison mail system on July 11, 2014. (Petitioner's "Affidavit of Facts" attached to Petition for Review ¶ 9.) He therefore had 30 days from July 11, not including that day, to file the petition with the clerk of court. M.R. Civ. P. 6(a). The 30-day period would have expired August 10, but because this fell on a Sunday, the rule adds an extra day. *Id.* The last possible day Coombs could have timely filed was August 11, 2014.

Coombs's petition was received on August 12, 2014, one day after the 30-day filing requirement under the Administrative Procedure Act. 5 M.R.S. § 11002(3). This is demonstrated by the date stamped on his petition and by the docket sheet, which shows the petition for review as "received 8-12-14."[2]

Coombs cites the rule allowing three extra days after service by mail, M.R.Civ.P. 6(c), but that rule does not allow an extension of statutory filing deadlines. Coombs also argues, contrary to the August 12 date shown in the file, that his petition for review was timely received, pointing to a certified mail receipt dated August 11, 2014.[3] The Department correctly responds that the receipt shows the date of *mailing* rather than *receipt* by the clerk of court as required for filing under the rules. M.R. Civ. P. 5(e).

The federal courts have adopted a "mailbox rule" for prisoners in certain circumstances, treating notices of appeal as timely filed if they are deposited in the prison mailing system in a

---

[2] Coombs's petition was accompanied by an application for leave to proceed without payment of fees, which was not acted upon until August 18, so his petition was not actually accepted for filing until that date. For purposes of the appeal deadline in 5 M.R.S. § 11002(3), the court will interpret the date of filing as the date his petition was first received by the clerk.

[3] It appears that the certified mail receipt relates to service of the petition on the respondents rather than mailing to the clerk, but Coombs argues that all mailings were accomplished on the same date.

2

timely fashion. *See Houston v. Lack,* 488 U.S. 266 (1988), cited in *Persson v. Department of Human Services,* 2001 ME 124 ¶¶ 11, 21, 775 A.2d 363. However, the Maine Law Court has never adopted that rule.

The entry shall be:

The petition for review is dismissed. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: January 22, 2015

Thomas D. Warren
Justice, Superior Court

3

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

JAMES FORTIN AAG
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Respondent's Attorney

---

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

PATRICK COOMBS
MAINE CORRECTIONAL CENTER
17 MALLISON FALLS ROAD
WINDHAM ME 04062

Petitioner