STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss.                                     CIVIL ACTION
                                                  DOCKET NO. AP-15-3


LAWRENCE AUSTIN,

                    Petitioner,

        v.                                        **DECISION AND ORDER ON
                                                  THE STATE'S MOTION TO
                                                  DISMISS PETITIONER'S 80C
                                                  APPEAL**
STATE OF MAINE BUREAU
OF HUMAN RESOURCES, ET AL.,

                    Respondent.


Pursuant to Maine Rule of Civil Procedure 80C and the Administrative Procedure

Act, 5 M.R.S. §§ 11001–11008, Petitioner Lawrence Austin, appeals the decision of the

Maine Civil Service Appeals Board ("the Board"). The Board concluded that Petitioner's

challenge to the adverse employment decision was untimely and thus beyond the Board's

jurisdiction. Because of the Administrative Procedure Act's own statutory time

limitations, this Court must likewise dismiss Petitioner's appeal of the Board's decision.

## BACKGROUND

Because no record has been submitted by the agency under 5 M.R.S. § 11007, the

factual background derives from Petitioner's Petition for Review and the Board's written

decision attached thereto.

Petitioner Lawrence Austin is a long-time employee of the State of Maine, having

worked at the Department of Corrections for 29 years. Petitioner was once the

Superintendent of the Mountain View Youth Development Center. On May 15, 2013, he

1

was notified by the Commissioner of Corrections that he was being terminated from that position. Petitioner received a letter of termination. At the same time, Petitioner was offered a position as Director of the Charleston Correctional Facility, but was told that he would have to apply for the position when it opened a few weeks later. Petitioner applied, and was awarded the position on June 7, 2015. Petitioner did not receive a letter of appointment for the new position.

Petitioner was told that his transfer was a "voluntary demotion" because he was *applying* for the Charleston Correctional Facility job. Thus, under the Civil Service Rules, he would not receive "red circled" pay.[1] Only an employee who is "involuntarily demoted" receives "red circled" pay. Petitioner believed that his superiors' determination that he was voluntarily demoted was in error.

In February, 2014, Petitioner approached the Maine Bureau of Human Resources personnel manager assigned to the Charleston Correctional Facility, and the personnel manager expressed the opinion that Petitioner was involuntarily demoted. Petitioner then approached a different person, who expressed the opinion that Petitioner was voluntarily demoted. Petitioner then wrote to the Director of Human Resources to have the Director investigate what Petitioner considered were atypical employment practices. However, the Director advised Petitioner that he had failed to adhere to the deadlines for appealing employment disputes. The Director indicated that Petitioner could file an appeal with the Civil Service Appeals Board.

---

[1] The Court understands that for an employee to be "red circled" means that he or she maintains a salary commensurate with his or her previous job when he or she moves to an otherwise lower-paying job.

2

Petitioner brought his appeal to the Board, arguing that the Department of Corrections failed to follow proper procedures in terminating his employment and in reappointing him to another position. The Board held a jurisdictional hearing on October 21, 2014. Relying on 5 M.R.S. § 7083, which sets forth the procedures by which employees must bring employment grievances, the Board concluded that it did not have jurisdiction to hear Petitioner's appeal because Petitioner did not adhere to those procedures.

The Board issued its amended decision of December 23, 2014. In its decision, the Board expressed that Petitioner "may appeal by filing a Petition for Review in the Superior Court pursuant to 5 M.R.S.A. § 11001, et seq. within thirty (30) days after receipt of notice of this Decision." (Attachment to Petitioner's Petition for Review at 3)

On January 23, 2015, Petitioner filed a Petition for Judicial Review in this Court. The State moved to dismiss Petitioner's appeal under M.R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

## DISCUSSION

1. Jurisdiction

Before the Court can hear the merits of a Rule 80C appeal, it must be satisfied that it has subject matter jurisdiction to hear the appeal. The time limit for filing a petition for review of final agency action pursuant to the Administrative Procedure Act ("APA") is jurisdictional, *Fournier v. Dep't of Corrections*, 2009 ME 112, ¶ 2, 983 A.2d 403, and the Superior Court has no legal power to entertain an appeal filed after that time. *Waning v. Dep't of Transp.*, 2008 ME 95, ¶ 9, 953 A.2d 365. This time limit must be applied uniformly and consistently to parties represented by counsel and self-represented parties

alike. *Fournier*, 2009 ME 112, ¶ 2. The Court has no inherent power to extend or ignore statutory appeal periods in the absence of delegated statutory authority to do so. *City of Lewiston v. Me. State Employees Ass'n*, 638 A.2d 739, 741–42 (rejecting various arguments for why a petition filed one day beyond the statutory time limit should nevertheless be heard by the court); *McKenzie v. Maine Employment Sec. Comm'n*, 453 A.2d 505 (Me. 1982).

Under the APA, a party aggrieved by the final decision of an administrative agency must file his or her petition for review "within 30 days after receipt of notice" of that decision." 5 M.R.S. § 11002(3). "If the review is sought from an agency's failure or refusal to act, the petition for review shall be filed within 6 months of the expiration of the time within which the action should reasonably have occurred." *Id*. Here, Petitioner challenges the Board's decision that it did not have jurisdiction to consider his grievance. Accordingly, Petitioner had 30 days from which to file his appeal. 5 M.R.S. § 11002(3).[2]

2. Analysis

Petitioner received notice of his right to appeal on December 23, 2014—the same day the Board issued its decision. The Board's decision explicitly spelled out that "Appellant may appeal by filing a Petition for Review in the Superior Court pursuant to [the APA] within thirty (30) days after receipt of notice of this Decision." Thus,

---

[2] Petitioner is incorrect in characterizing the action from which he appeals as a "failure or refusal to act." Petitioner classifies the "failures" as being either (or both) the Department of Corrections' ("DOC") failing to adhere to proper termination procedures or the Bureau of Human Resources' ("BHR") failing to correct the DOC's mistake. These are not the relevant "failures to act" for purposes of 5 M.R.S. § 11002(1). Rather, the Board in this instance actually took action on Petitioner's appeal, and it is that decision which this Court reviews. *See Tomer v. Me. Human Rights Comm'n*, 2008 ME 190, ¶ 11 n.4, 962 A.2d 335 (an agency's *dismissal* of an employment discrimination complaint was not a "failure or refusal to act;" rather, it was an act from which the aggrieved employee had 30 days to appeal) (citing *Lingley v. Me. Workers' Comp. Bd*., 2003 ME 32, ¶ 9, 819 A.2d 327). Therefore, the 30-day time period applies under 5 M.R.S. § 11002(3).

4

Petitioner had adequate notice that his right to appeal would expire after 30 days unless he appealed pursuant to the stated statute.

Petitioner signed and attested to his Petition for Review on the thirtieth day after notice (January 22, 2015), but filed his petition on the *thirty first* day (January 23, 2015). Therefore, Petitioner did not file his Petition for Review *within* 30 days after receipt of notice. 5 M.R.S. § 11002(3). Petitioner's appeal falls outside of the statutory time bar. Accordingly, the Court lacks jurisdiction to hear Petitioner's Rule 80C petition, and the Court is compelled to dismiss the Petition.

The entry is:

1.  Petitioner Lawrence Austin's Rule 80C Appeal is DISMISSED.

2.  The clerk shall incorporate this order into the docket by reference. M.R. Civ. P. 79(a).

**Dated: June 10, 2015**

Hon. M. Michaela Murphy
**Justice, Superior Court**

| Date Filed | 1/23/15 | Kennebec County | Docket No. AP-15-03 | F |

Action: <u>Petition for Review</u>
80C

## J. Murphy

| Lawrence Austin | vs. | State of Maine, et al. |

| Plaintiff's Attorney | | Defendant's Attorney |

Lawrence Austin
14 North Street Place
Augusta, ME 04330

Kelly Morrell, AAG
6 State House Station
Augusta, ME 04333

## Date of Entry

| Date | Entry |
|---|---|
| 1/23/15 | Petition for Judicial Review, filed. s/Austin, Pro Se |
| 2/4/15 | Certified Mail Return Receipt for Maine Bureau of Human Resources, filed. |
| 2/4/15 | Certified Mail Return Receipt for Office of Attorney General, filed. |
| 2/10/15 | Entry of Appearance for State of Maine, filed (2/9/15). s/Morrell, AAG |
| 2/14/15 | Respondent's Motion to Dismiss, filed 2/11/15. s/Morrell, AAG |
| 3/10/15 | Petitioner's Response to Respondent's Motion to Dismiss, filed 2/27/15. s/Austin, Pro Se |
| 3/10/15 | Respondent's Reply in Support of its Motion to Dismiss, filed 3/5/15. s/Morrell, AAG |
| 3/11/15 | Petitioner's Reply Memorandum in Support of Petitioner's Request to Deny Respondent's Motion to Dismiss, filed 3/9/15. s/Austin, Pro Se |
| 4/14/15 | Hearing on Motion to Dismiss scheduled for 6/2/15 at 10:30 a.m. Notice of Hearing sent to Petitioner and AAG Morrell |
| 6/2/15 | Hearing held, J. Murphy presiding. Petitioner and AAG Morrell. Courtroom 3 Under advisement. |
| 6/10/15 | DECISION AND ORDER ON THE STATE'S MOTION TO DISMISS PETITIONER'S 80C APPEAL, Murphy, J. 1. Petitioner Lawrence Austin's Rule 80C Appeal is DISMISSED. 2. The clerk shall incorporate this order into the docket by reference. Copy to Petitioner and AAG Morrell. Copy to repositories. |