STATE OF MAINE                              SUPERIOR COURT
AROOSTOOK,ss                                CIVIL ACTION
                                            DOCKET NO. HOUSC-AP-16-1


ROBERT S. LAMORGESE,M.D.             )
                                     )
                                     )
                                     )
vs.                                  )      DECISION AND ORDER
                                     )           REGARDING
                                     )      MOTION TO DISMISS
                                     )        RULE 80C APPEAL
                                     )
                                     )
                                     )
                                     )
STATE OF MAINE BOARD OF              )
LICENSURE IN MEDICINE                )


## BACKGROUND

On June 16, 2016 the State of Maine Board of Licensure in Medicine (herafter "Board") issued a Decision and Order pursuant to 5 M.R.S. §9051-9064, 10 M.R.S. §8003(5), 32 M.R.S. §3269 and 3282-A regarding Petitioner's medical license. By its decision the Board made findings that the Petitioner had exhibited incompetence in the practice for which he is licensed by engaging in conduct that evidenced a lack of ability or fitness to discharge his duties, subjecting him to discipline pursuant to 32 M.R.S. § 3282-A(2)(E(1). Pursuant to 10 M.R.S. 8003(5)(A-1), the Board imposed terms of probation, setting forth a number of conditions of probation and the timeframe to comply with those conditions. Condition 3(a) required Petitioner:

*Prior to his first patient contact, the Licensee must engage a Board-approved practice monitor who will meet with the Licensee every two weeks to review patient charts and who will report to the Board every month for a period of six months. The Licensee may meet with the practice monitor via telemedicine.[1]*

---

[1] At the request of the Petitioner, the Court has listened to the May 10, 2016 deliberations of the Board. From listening to their deliberations, it is apparent an important issue was there be face-to –face interaction with the practice monitor. In this discussion, a brief reference was made to "telemedicine" and that it was used for some psych appointments; a consensus was achieved that use of telemedicine would be "ok".

1

That Decision and Order was not timely appealed and no Petition for Review was filed within 30 days per 10 M.R.S. §8003(5) and 5M.R.S. §11002(3). No further formal disciplinary or enforcement action has yet been brought by the Board to enforce the terms and conditions of probation.

On December 2, 2016 Petitioner filed the pending Petition for Judicial Review of Final Agency Action pursuant to M.R.Civ.P. 80C. In his Petition for Review, the Petitioner challenges the findings and decision made by the Board in its June 16, 2016 Decision and Order. Petitioner also asserts email communications, specifically a November 10, 2016 email, from the Board significantly altered the conditions of his probation, and therefore said email is a final agency action from which Petitioner has the right of appeal. The facts relative to said email are as follows:

By an email dated October 27, 2016 from Petitioner's counsel to Julie Best of the Board, counsel wrote:

*I still need clarification as to whether the BOM insists that the telemedicine monitoring be in person or by video link.* (Record, p. 74).

Ms. Best responded to Petitioner's counsel with an email dated October 28, 2016, which stated, in part:

*2.The Board's decision and order indicates that Dr. Lamorgese "may meet with the practice monitor via telemedicine." The Board will be asked to discuss whether this provision was intended to require the monitor to use telemedicine or rather to use it at his/her discretion. The Board will also be asked to discuss if use of the telephone alone to conduct monitoring (as telemedicine) will be sufficient to comply with the decision and order. (Record, pp. 73-74).*
Per meeting minutes----

On November 10, 2016, Ms. Best wrote to Petitioner's counsel by email:

*On November 8th, the Board met and discussed the points in my email below. The outcome of their discussion is as follows:*
- *The use of telemedicine to conduct monitoring is at the discretion of the monitor.*
- *telephone only monitoring is not acceptable.* (Record, p. 73).[2]

As stated, on December 2, 2016, the pending Petition for Review of Final Agency Action was filed. On December 19, 2016, the Board filed a Motion to Dismiss the Petition for Judicial Review on the basis the Court lacks subject matter jurisdiction

---

[2] See Footnote 1; this interpretation is not inconsistent with the dialogue and consensus of the Board voiced during their deliberations on May 10, 2016.

and because the November 10, 2016 email was not final agency action. A phone conference regarding the Motion to Dismiss was held February 15, 2017. For the reasons set forth below, the Motion to Dismiss is granted.

## DISCUSSION

The original Decision and Order was issued June 16, 2016. A petition for review of final agency action shall be filed within 30 days after receipt of notice if taken by a party to the proceeding of which review was sought 5MRS §11002(3). The time limit for filing an appeal is jurisdictional, and if not timely filed the Court does not have jurisdiction. *Fournier v. Dep't of Corrs.*, 2009 ME 112.

Petitioner asserts however that the Board's interpretation of the use of telemedicine as expressed in Ms. Best's email dated November 10, 2016 is also final agency action which can be appealed.

At Petitioner's counsel's request for clarification, the Board was asked to discuss how it intended telemedicine be used. At its November 8, 2016 meeting the Board discussed the issue. As set forth in Ms. Best's email dated November 10, 2016, the Board voted use of telemedicine was at the discretion of the monitor, and telephone only communication was not acceptable.[3]

"Final agency action" means a decision by an agency which affects the legal rights, duties or privileges of specific persons, which is dispositive of all issues, legal and factual, and for which no further recourse, appeal or review is provided within the agency. 5 M.R.S. § 8004(4). The Board's clarification how telemedicine may be used is not final agency action. Rather, it is it's interpretation how Petitioner may satisfy the conditions of probation. While on probation, Petitioner remains licensed. He has not yet suffered a loss for which he has no further recourse. Were he to follow the Board's interpretation, he arguably may incur more expense and inconvenience than he would incur by following his interpretation. But again, he remains licensed and with future opportunity to challenge the Board's interpretation if it sought enforcement.

As indicated, the Board has not yet brought any disciplinary or enforcement action regarding Petitioner's probation. If the Board forms the belief Petitioner has not complied with the conditions of probation and elects to proceed, disciplinary action is available pursuant to 32 M.R.S. §3282-A(2)(P) which provides: *The Board may suspend or revoke a license pursuant to Title 5, section 1004. The following are grounds for an action to refuse to issue, modify, restrict, suspend, revoke or refuse to renew the license of an individual licensed under this chapter: Noncompliance with an order or consent agreement of the board.* In addition, the Board could bring a

---

[3] See Footnotes 1 and 2; upon listening to the May 10, 2016 deliberations of the Board, the response from the Board on November 8, 2016 is not inconsistent with their original May 10, 2016 deliberations.

3

disciplinary action pursuant to 10 M.R.S. § 8003(5)(A-1)(4) which states, in part: *Failure to comply with the conditions of probation is grounds for disciplinary action against a licensee or registrant.* Regardless of which method is utilized, to further sanction the Petitioner and threaten his license some form of adjudicatory procedure is required. At such disciplinary or adjudicatory proceeding, it would be the Board's burden to prove Petitioner had not complied with the June 16, 2016 Decision and Order. At such proceedings, Petitioner could make all of the arguments he has made herein, and that use of telemedicine could be as he suggests herein, and not as "clarified" or "interpreted" by the Board. And pursuant to such proceeding, Petitioner would have the right of review and appeal.

In summary, the Board's interpretation of the "use of telemedicine" as communicated to Petitioner in November 2016 is not final agency action. The only final agency action is the June 16, 2016 Decision and Order. That action was not timely appealed. Accordingly, the Motion to Dismiss is granted for failure of the Court to have subject matter jurisdiction. Petitioner's Motion to Stay is deemed moot.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R.Civ.P. 79(c).

Dated: March 31, 2017

Justice, Superior Court

4