STATE OF MAINE
CUMBERLAND, ss:

DISTRICT COURT
Location: Portland
Docket No: PORDC-SC-18-758

TABATHA WOODSIDE,

PLAINTIFF

v.

DAVID COPPERSMITH d/b/a
Pine Tree Autobody,

DEFENDANT

ORDER ON POST JUDGMENT
MOTION FOR RELIEF

REC'D CUMB CLERKS OFC
JAN 11 '19 PM 1:48

The hearing on plaintiff's small claims' action was rescheduled for 12/13/18. On that day plaintiff appeared but neither defendant nor defendant's counsel appeared.[1] A default was entered and the court then entered judgment for plaintiff after a brief hearing on damages for the maximum level of recovery ($6,000.00) allowed in a small claims action.[2] Defendant's counsel had filed a motion to continue the hearing on 11/30/18 due to a 'longstanding plans' for vacation out of the country, but that motion was denied by an order entered on 12/11/18. A previous motion for continuance filed by defendant's counsel had been granted on 11/28/18 to continue the original 11/29/18 hearing to allow counsel more time to prepare for the hearing.[3] A motion to set aside default, or in the alternative for relief from judgment' was filed by defendant on 12/19/18.[4] Plaintiff has filed a written opposition to this motion objecting to all relief requested by defendant.

The provisions of Rule 9 of the Maine Rules of Small Claims Court provide, in pertinent part, that "[o]n written request of a party setting forth good

---

[1] In the motion, defendant claims that replacement counsel showed up at court after receipt of a copy of the order denying the continuance in the mail on the day of the hearing, but that appearance was after the hearing was completed and judgment had been entered (and plaintiff had presumably departed the courthouse).

[2] 14 M.R.S. § 7482. Plaintiff established a basis for damages in excess of $6,000.00 but agreed to reduce her claim, aware of the preclusive effect of that reduction, to pursue a small claims action. *See*, 14 M.R.S. § 7485.

[3] Defendant filed the first motion for continuance on 11/27/18, two days before the original hearing date, although defendant was served with the statement of claim on 10/25/18 and was sent notice of the hearing by the court on 10/30/18.

[4] Defendant has also filed a motion to extend the appeal deadline which is addressed by separate order and is granted in part.

cause, the court may...relieve a party from the effect of a judgment in accordance with Rule 60 of the Maine Rules of Civil Procedure." The provisions of M.R.Civ.P. Rule 60 (b)(1) incorporate the standard of 'excusable neglect'. In reviewing motions to vacate judgments entered by default or relief from judgment the Law Court has required the moving party seeking relief to demonstrate a good excuse for the failure to act or appear and a meritorious defense. *Richter v. Ercolini*, 2019 ME 38, ¶ 15. The moving party must also demonstrate that denial of the motion "...works a plain and unmistakable injustice against the defendant..." *R.C. Moore v. Les-Care Kitchens, Inc.*, 2007 ME 138 ¶ 27. The excusable neglect standard[5] has been held to be a strict standard that requires a showing that extraordinary circumstances exist that would create an injustice if the motion was not granted. *Lingley v. Maine Worker's Compensation Board*, 2003 ME 32 ¶ 3.

A mere mistake by a party's attorney is not a 'good excuse' and does not rise to the level of excusable neglect. *Maroon Flooring, Inc. v. David Austin*, 2007 ME 75 ¶ 9, quoting *Begin v. Jerry's Sunoco, Inc.*, 435 A.2d 1079, 1083 (Me. 1981). In the present case counsel essentially is saying that because she believed she had a good reason for not being available for the trial date, the motion would or should be granted, and this justifies her failure to appear or to arrange for timely coverage. This is simply not an acceptable practice, particularly where there has been a prior continuance granted at the same party's request and the motion for continuance was not agreed to by the opposing party.[6] There is no question that counsel knew *at the very least* that her motion had not been acted upon before she left for vacation, and she failed to make proper plans for follow up, referral or coverage. The court denied the second request for continuance because it frustrated the purpose of small claims proceedings to provide "...a just, *speedy* and inexpensive determination of every action..."M.R.Sm.Cl. Rule 1.

Having determined that the defendant has failed to demonstrate a good excuse or 'excusable neglect' to set aside the (default) judgment, the court does not need to determine whether defendant has a meritorious defense. The court notes that it conducted a damage hearing and reviewed and relied on testimony and substantial documentation in determining damages. At the very least the court is confident after its review and determination of the evidence presented that an "unmistakable injustice" will not occur if the defendant's motion is denied.

---

[5] The *Lingley* case discusses the 'excusable neglect standard' in relation to the deadline for filing an appeal of an administrative adjudication.

[6] The court notes that in her second motion for continuance defendant's counsel again failed to make any contact with plaintiff to inquire about her position on the continuance request. Although Rule 7 (b)(4) does not strictly apply in small claims' proceeding, the corresponding Rule 7 of Small Claims Court Rules does admonish the parties that continuances are "disfavored", and it is prudent and standard practice for an attorney to make inquiry of the opposing party and to state the position of that party (if known) related to all continuance or enlargement motions or requests in all cases.

Therefore, for all of the above stated reasons, the defendant's motion is **HEREBY DENIED**.

The Clerk of Court shall, pursuant to M.R.Civ. P. 79 (a) incorporate this order by reference by a notation made upon the civil docket as follows, "Defendant's motion for post judgment relief is DENIED."

Dated: January 11, 2019

Hon. Peter Darvin
Judge, District Court

3

TABATHA WOODSIDE VS DAVID COPPERSMITH DBA PINE TREE AUTO BODY
UTN:AOCSsr  -2018-0083371                    CASE #:PORDC-SC-2018-00758
--------------------------------------------------------------------------

01 0000005799          MAHER, LAURA A
    PO BOX 7046 95 EXCHANGE STREET PORTLAND ME 04112-7046
    F    DAVID COPPERSMITH                    DEF        RTND    11/27/2018



            Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:___