STATE OF MAINE
KENNEBEC, ss.

SUPERIOR COURT
LOCATION: AUGUSTA
DOCKET NO. AUGSC-AP-66

MARIE WASILEFSKY          )
                          )
        Petitioner,       )
                          )
    v.                    )                ORDER ON RESPONDENTS'
                          )                MOTION TO DISMISS
MAINE DEPARTMENT OF LABOR )
and UNEMPLOYMENT          )
INSURANCE COMMISSION      )
                          )
        Respondents.      )

This matter is before the court on the Respondents' Motion to Dismiss dated February 14, 2019.

### PROCEDURAL BACKGROUND

The Maine Unemployment Insurance Commission ("MUIC") issued the Petitioner an adverse decision on August 8, 2018. On August 30, 2018, Petitioner's counsel hand delivered the Notice of Appeal to the Office of the Attorney General and mailed a copy of said notice to the Department of Labor ("DOL"). Although the exact date is unknown, Petitioner's counsel hand delivered the Notice of Appeal to the Capital Judicial Center sometime "thereafter" but within thirty days of August 8, 2018 when the MUIC mailed the adverse decision to the Petitioner.

Petitioner's attempted filing was returned to her by the clerk's office for failure to provide a Summary Sheet.[1] Petitioner refiled her Notice of Appeal with the court on

---

[1] M.R. Civ. P. 5(h)(1) requires that "[A]ny pleading which sets forth a claim for relief . . . shall be accompanied by a properly completed and executed Summary Sheet which is available in blank form at the clerk's office." Pleadings filed under M.R. Civ. P 80(c) are not exempt from the

1

October 12, 2018. On January 18, 2019, the court entered an Order that it would dismiss the case if no motion to remain on the docket was filed within fourteen days because no return of service had been filed with the court when Petitioner refiled on October 12. Petitioner responded on January 25, 2019, with certified mail return receipts showing that the Respondents were served on August 30, 2018. On January 28, 2019, the court ordered that the case remain on the docket and vacated its prior January 18 Order.

Respondents moved to dismiss the case with prejudice on February 14, 2019, for lack of jurisdiction pursuant to Maine Rule of Civil Procedure 12(b)(1) as Petitioner did not file her petition for review within thirty days of her receipt of decision from the MUIC pursuant to 5 M.R.S. § 11002(3). On March 4, 2019, Petitioner objected to the Motion to Dismiss arguing that her failure to provide a summary sheet should be considered a "minor procedural irregularity" and her filing with the court should be considered timely.

## DISCUSSION

Decisions of the MUIC may be appealed pursuant to the Maine Administrative Procedures Act ("MAPA"). 26 M.R.S. § 1194(8). The MAPA entitles a person aggrieved by final agency action to judicial review in the Superior Court under the rules set forth by the statute. 5 M.R.S. § 11001(1). When a party to an administrative proceeding appeals that agency's final action, "[t]he petition for review shall be filed within 30 days after receipt of notice . . . ." § 11002(3). The Law Court has made clear that "[t]he time limit for filing a petition for review of a final agency action pursuant to the [MAPA] is

---

Summary Sheet requirement. M.R. Civ. P. 5(h)(3). Filings that are received but do not comply with the Summary Sheet requirement are returned by the clerk as incomplete, and the clerk does not docket the attempted filing. M.R. Civ. P. 5(f). "The offeror may refile the documents when all elements are complete. The filing will be docketed when the complete filing is received." *Id.*

2

jurisdictional." *Fournier v. Dep't of Corr.*, 2009 ME 112, ¶ 2, 983 A.2d 403. If the petition is not timely filed the court lacks jurisdiction and must dismiss the petition. *Mutty v. Dep't of Corr.*, 2017 ME 7, ¶ 8, 153 A.3d 775; M.R. Civ. P. 12(h)(3). The thirty-day time limit "must be applied uniformly and consistently" regardless of whether parties are represented by counsel or not. *Fournier*, 2009 ME 112, ¶ 2, 983 A.2d 403. Therefore, a party seeking review of final agency action must, within thirty days after receiving notice of an adverse decision, "properly complete and file" with the Superior Court: (1) the petition for review; (2) a complete summary sheet; and (3) the filing fee.[2] *Id.* ¶ 6.

Here, Petitioner's first filing was incomplete because she did not include a Summary Sheet as required by Maine Rule of Civil Procedure 5(h)(1). A Summary Sheet was not provided to the court until October 12, 2018, when the Petitioner refiled. As the MUIC issued its adverse decision to the Petitioner on August 8, 2018, this is well beyond the thirty day time limit mandated by statute and reinforced by caselaw.[3]

The Petitioner argues that no party is harmed by the late filing as they were noticed, and the refiling should be considered a "minor procedural irregularity." The

---

[2] An alternative to the filing fee is an application to proceed without payment supported by appropriate documentation. *Fournier v. Dep't of Corr.*, 2009 ME 112, ¶ 6, 983 A.2d 403. That is not at issue in this case.

[3] The appropriate date for beginning the thirty day timeframe is when the Petitioner "received notice of the agency decision, not the final agency action date." *Mutty v. Dep't of Corr.*, 2017 ME 7, ¶ 10, 153 A.3d 775 (citation omitted). Here, in her Notice of Appeal dated August 24, 2018, Petitioner concedes that the MUIC mailed her its decision on August 8, 2018. Had she received the adverse decision even the day before her Notice of Appeal, August 23, 2018, that would put the deadline for her to properly and completely file her petition by September 24, 2018 (as September 22 was a Saturday). Petitioner's complete filing on October 12, 2018, would still be beyond the thirty-day deadline.

3

court is unconvinced by Petitioner's argument. Regardless of harm to any party, a complete lack of jurisdiction is not a "minor procedural irregularity."[4]

## CONCLUSION

Because the Petitioner did not completely and correctly file her petition with the court within thirty days of receiving the adverse agency decision, it was not timely filed and this court lacks jurisdiction.

The entry is:

Respondents' Motion to Dismiss with prejudice is GRANTED.

The Clerk is directed to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

Dated: April 23, 2019

Justice William R. Stokes
Maine Superior Court

---

[4] Petitioner's cite to *Cheoros v. Cheoros*, 1997 ME 37, 690 A.2d 974, is both unavailing and distinguishable. There, the Law Court was addressing whether the Superior Court had jurisdiction to act on a motion for attorney's fees that was improperly filed in the Law Court instead of the trial court, and where the Law Court never remanded the case. *Id.* at 975-76. The Court explained that the procedural issue did "not contain as a necessary condition that the Law Court remand the case or give the Superior Court explicit directions in order for the Superior Court to retain jurisdiction." *Id.* at 976. Therefore, in that case, the improper filing in the Law Court was a "minor procedural irregularity." *Id.* Here, the MAPA, *Fournier*, and the Rules of Civil Procedure are explicit: the petition, including a summary sheet and the filing fee had to be filed no later than thirty days after the Petitioner received the adverse decision.

4