EBEN INMAN *vs.* EPHRAIM WHITING, appellant.

Piscataquis.   Opinion January 1, 1880.

*Trial Justice.   R. S., c. 83, § 12.   Record.   Jurisdiction.*

Under R. S., c. 83, § 12, when a trial justice is unable to attend at the time and place at which a writ is returnable before him, and the action is thereupon continued by a justice of the peace and quorum to a day certain,—in order to give another trial justice, residing as specified in said section, jurisdiction to try said action at the time and place to which it was continued, it must appear of record that the inability of the justice named in the writ to attend had not been removed.

ON EXCEPTIONS.

Action of assumpsit originally made returnable before James S. Holmes, esquire, a trial justice, residing and holding court in Foxcroft, in said county, and afterwards entered and tried before Elihu B. Averill, esquire, a trial justice in and for said county, residing in Dover, but holding court in said Foxcroft, where said writ was originally made returnable, and comes into this court upon appeal by the defendant. On the second day of the first term in this court, the defendant by his attorney, filed a motion to dismiss said action and for his costs, for the reason that said Elihu B. Averill, the trial justice from whose judgment said defendant appealed had no jurisdiction as appears by inspection of the copy of the writ and record of said trial justice filed in the case. Said motion by said defendant was overruled by the justice presiding in this court, and the defendant alleged exceptions.

The case is fully stated in the opinion.

*D. L. Savage*, for the plaintiff.

*J. B. Peaks*, for the defendant.

SYMONDS, J. The writ in this case was originally returnable on October 19, 1878, before James S. Holmes, esquire, one of the trial justices for the county of Piscataquis. On the return day, the trial justice named in the writ being absent from the state and unable to attend, the action was continued by Augustus G. Lebroke, a justice of the peace and quorum residing in the same town as the trial justice.

On the date to which the action was so continued, November 2, 1878, it was tried before Elihu B. Averill, esquire, another trial justice of the same county, and judgment was rendered for the plaintiff. From this judgment appeal was taken to the next term of the supreme judicial court in that county, where on the second day of the term the defendant moved that the action be dismissed, and for costs, alleging want of jurisdiction in the justice by whom the judgment was rendered. The case is now presented on exceptions to the overruling of this motion to dismiss.

The action is assumpsit and the plea before the justice was the general issue.

That the jurisdiction of trial justices depends upon statutory provisions and cannot be enlarged by presumption or by implication, and that the facts which determine the jurisdiction must appear of record, are familiar rules, resting upon long established law and practice. *Lane* v. *Crosby*, 42 Maine, 327. *State* v. *Hall*, 49 Maine, 412. *Stanton* v. *Hatch*, 52 Maine, 244.

The power to continue the action on account of the absence of the justice named in the writ, and the authority for trying it before another justice are derived from R. S., c. 83, § 12. The construction of this section, so far as it affects the vital question of the jurisdiction of the justice rendering the judgment appealed from, is not difficult, and it is only necessary to say in general terms, first, that the power to continue an action, at the time and place and in the manner specified in that section, is only given "when the trial justice is unable to attend;"—and, secondly, that the jurisdiction of another justice to try the action on the day to which it is continued only exists in case the justice, before whom it was returnable or pending, still remains unable to attend. The inability of the first justice to attend on the return day authorizes the continuance, the fact that such inability has not been removed at the time and place fixed for the hearing in the order continuing the action, gives jurisdiction, to try it, to another justice whose residence is according to the requirement of the statute. Whether the justice who tried this case had jurisdiction, or not, depended upon the question whether the justice before whom the process was returnable was then, on November 2, still unable to be present.

The record of the proceeding before the magistrate is silent on this point. It is nowhere alleged that the inability of the first justice to attend, which existed on the return day, continued to the day of trial. In fact, the record of the proceedings on November 2, contains no allusion to a continuance of the action but is made up as if the writ was originally returnable before the justice who rendered the judgment. For all that appears, the justice named in the writ might have been able to attend at the trial.

The jurisdiction of the magistrate clearly fails upon the record, and that, in the appellate court, advantage may be taken, by motion to dismiss, of such want of jurisdiction apparent in the record has been repeatedly held. *Call* v. *Mitchell*, 39 Maine, 465. *Stanton* v. *Hatch*, 52 Maine, 244.

As this is a civil proceeding, the plea of the general issue before the justice was no waiver of the rights of the defendant in this respect. R. S., c. 83, § 14. *Call* v. *Mitchell, ubi supra.*

Upon the exceptions, no question of the right of amendment is presented, and the entry must be, (*Forsyth* v. *Rowell*, 59 Maine, 133.)

*Exceptions sustained.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.