STATE OF MAINE
*vs.*
HERBERT W. NOLAN

Cumberland.   Opinion, February 2, 1955.

*Frederic S. Sturgis,* for State.

*Arthur Peabody,*
*Sidney W. Thaxter,* for respondent.

SITTING: FELLOWS, C. J., WILLIAMSON, TIRRELL, WEBBER, BELIVEAU, TAPLEY, JJ.

WEBBER, J.  This matter comes before us on report on an agreed statement of facts.  The respondent was arrested and charged with the operation of a motor vehicle while under the influence of intoxicating liquor.  The locus of the alleged offense as charged in the complaint was "at Falmouth in the County of Cumberland and State of Maine" and "upon, over and along Route No. 88, a public highway in said Falmouth."  The alleged offense is cognizable by trial justices.  The officer took the respondent to Portland and lodged him in the county jail.  Thereafter, he took him to the Town of Gray before a trial justice where, upon warrant and complaint, the respondent was found guilty and appealed.  In the Superior Court the respondent filed a motion to quash the complaint, asserting lack of jurisdiction of the trial justice.

"That the jurisdiction of trial justices depends upon statutory provisions and cannot be enlarged by presumption or by implication, and that the facts which determine the jurisdiction must appear of record, are familiar rules, resting upon long established law and practice." *Inman* v. *Whiting,* 70 Me. 445 at 447.  Failure of the record to disclose the jurisdiction is fatal to the proceeding. *Inman* v. *Whiting, supra;* see also *South Berwick* v. *County Commissioners,* 98 Me. 108; *Faloon* v. *O'Connell,* 113 Me. 30; *State* v. *Ford Touring Car,* 117 Me. 232; *Brooks* v. *Clifford et al.,* 144 Me. 370; *Commonwealth* v. *Fay,* 151 Mass. 380.

The applicable jurisdictional statute is R. S., 1944, Chap. 133, Sec. 10, which provides:

"Any person accused of an offense cognizable by trial justices, if brought or ordered to appear by an officer before a trial justice, shall be brought or ordered to appear before a trial justice holding court within the town where the alleged offense occurred; but if there is no trial justice within said town, then to a trial justice whose usual place of holding court is nearest to where the offense is alleged to have been committed."

We look first to the record of the proceedings before the magistrate. From the record, it is apparent that the trial justice in the Town of Gray was not holding court in the Town of Falmouth, where the alleged offense occurred, but otherwise the record is silent as to jurisdictional facts. From the record, we cannot determine that there was no trial justice in the Town of Falmouth or that the trial justice in the Town of Gray had a usual place of holding court "nearest to where the offense is alleged to have been committed." The failure of the record in this respect is alone sufficient to arrest the proceedings. But the agreed statement of facts which accompanies the motion to quash made at appellate court level only serves to emphasize the apparent lack of jurisdiction. Therein it is agreed that there was in fact no trial justice in the Town of Falmouth, that the locus of the alleged offense in the Town of Falmouth was at a point on the highway known as Route 88 "at or near the premises of the Portland warehouse of Canada Dry Beverages so-called," and that by highway measure the usual place of holding court of the trial justice in the Town of Freeport is over five miles nearer that locus than is the usual place of holding court of the trial justice in the Town of Gray. Even nearer is the Portland Municipal Court in the City of Portland.

The statute before us was enacted as P. L., 1939, Chap. 245. We had occasion to examine this statute in *State* v. *Harnum*, 143 Me. 133, and therein we said at page 136, "The

legislative intention of P. L., 1939, Chap. 245 is undoubted. * * * * It is to require an officer serving a process alleging an offense cognizable by trial justices and electing to use such a court to take his prisoner *before a particular one.*" (Emphasis supplied.) And again at page 137 we said, "The statute limits the geographical jurisdiction of trial justices for the trial of cases so that *a particular one, designated by its terms, and no other,* has jurisdiction of each individual violation of law cognizable by trial justices. ****" (Emphasis supplied.) The legislature may well have intended to correct what it deemed to be abuses under the old law which permitted a choice among trial justice courts by arresting officers. In any event, the emphasis placed by the legislature on the "nearest" trial justice makes plain the intention of the lawmakers to insure to the respondent a speedy trial and to eliminate the cost of unnecessary travel.

As to what is meant by "nearest," we think there can be no doubt. The agreed statement asserts that the Town of Falmouth is contiguous with, and abuts on, the Town of Gray but (by inference at least) not the Town of Freeport. In determining the statutory meaning of "nearest," however, the contiguity of town lines is not the test. If it were so, there might be two or more trial justices in adjacent towns having equal jurisdictional claims. In order to effectuate legislative intent and determine the "particular one" having jurisdiction, we must conclude that the ascertainment of the "nearest" trial justice is by measure over the shortest usual route of travel from the alleged locus of the offense to the locus which is the usual place of holding court of the trial justice. *State* v. *Johnson,* 46 A. (2nd) (Del.) 641; *State ex rel. Lohman* v. *District Court,* 49 Mont. 247, 141 Pac. 659.

The officer here had a choice. He could, if he saw fit, institute proceedings against the respondent in a municipal court, which was only a few miles away. Or he could select

a trial justice court, even though that court was located at a greater distance from the scene of the offense than was the municipal court. In choosing the trial justice court, however, it became incumbent upon him to choose the "nearest" one, and it became incumbent also upon the trial justice selected to exercise only the jurisdiction conferred upon him by statute. The action of the arresting officer in taking the respondent, not before the municipal court which was most conveniently at hand and not before the trial justice whose usual place of holding court was nearest to the locus of the offense, but before a trial justice further removed from the scene in point of distance than either of these, seems to present an excellent example of the very thing which the legislature sought to remedy by its enactment of the statute in question.

The record of the proceedings before the magistrate having failed to disclose jurisdiction, and the statement of agreed facts having affirmatively shown the jurisdiction to be elsewhere, the complaint may not be prosecuted. The mandate will be,

*Case remanded for quashing the complaint.*