2009 ME 122

**Richard CAYER**

v.

**TOWN OF MADAWASKA et al.**

Supreme Judicial Court of Maine.

Argued: Oct. 27, 2009.
Decided: Dec. 15, 2009.

Luke M. Rossignol, Esq. (orally), Bemis & Rossignol, LLC, Presque Isle, ME, for Richard Cayer.

Michael A. Hodgins, Esq. (orally), Bernstein Shur, Augusta, ME, for the Town of Madawaska.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

GORMAN, J.

[¶ 1] Richard Cayer appeals from a judgment entered in the Superior Court (Aroostook County, *Hunter, J.*) denying his motion for contempt against the Town of Madawaska in connection with the Town's enforcement proceedings against Cayer's abutting neighbors, the Collinses, for an illegal structure the Collinses constructed on their property. Cayer argues that the court failed to properly consider the motion in accordance with the require-

ments of M.R. Civ. P. 66(d). We affirm the judgment.

## I. FACTS AND PROCEDURE

[¶ 2] The parties do not dispute the underlying facts. Cayer owns property on Chapel Road in Madawaska. In 2004, Cayer's abutting neighbors, Roger, Greta, Dwayne, Douglas, and Dean Collins applied for and obtained land use and variance approvals from the Town of Madawaska Board of Appeals to construct an extension on their existing camp. Cayer appealed the Board's approvals to the Superior Court pursuant to M.R. Civ. P. 80B. While the appeal was pending, the Collinses nonetheless began and completed construction on the camp extension.

[¶ 3] The Superior Court vacated the decision of the Board of Appeals on the grounds that the Board erred in failing to consider any evidence relating to the mandatory variance criteria set out in 30–A M.R.S. § 4353(4) (2008), and improperly failed to issue a written decision. The Superior Court remanded the matter to the Board of Appeals with instructions to:

> (1) vacate the land use permit and variances granted to the [Collinses]; (2) record an appropriate notice in the Northern Division of the Aroostook County Registry of Deeds indicating that the variances granted on November 8, 2004[,] have been vacated and are no longer valid; and (3) conduct a hearing de novo on the Collins[es'] permit application according to the principles of law set forth herein.

[¶ 4] On remand, the Board did not conduct the de novo hearing ordered by the court, and instead entered into a consent agreement with the Collinses in which the Collinses agreed to pay a $1500 fine, remove a shed on the property, and revegetate the area where the shed had been in exchange for the Town's waiver of its right to prosecute the Collinses for the already-completed illegal camp extension. Cayer again appealed the matter to the Superior Court.

[¶ 5] By order dated May 9, 2007, the court voided the consent agreement between the Town and the Collinses on the ground that "the Town entered into the Consent Agreement without clear and convincing evidence that [the Collinses'] illegal structure was erected as the direct result of erroneous advice given by a Town Official" in contravention of the requirements of the Town's Shoreland Zoning Ordinance.[1] The court ordered the Town to restore the status quo by returning the $1500 fine paid by the Collinses, and again remanded the matter to the Board:

> for a hearing de novo on Collins' permit application as provided for in the court's October 25, 2005[,] Decision and Order in AP–04–411 or in the alternative, should Collins not wish to proceed with the permit application for any reason, for *appropriate enforcement action* pursuant to the provisions of 16H of the Ordinance pertaining to enforcement.

(Emphasis added.)

[¶ 6] On October 23, 2007, Cayer moved for contempt against the Town, asserting that the Town had neither conducted a de novo hearing on the Collinses

---

1. The Shoreland Zoning Ordinance allows the Town to enter into an administrative consent agreement allowing illegal structures or uses to continue only when "there is clear and convincing evidence that the illegal structure or use was constructed or conducted as a direct result of erroneous advice given by an authorized Town Official and there is no evidence that the owner acted in bad faith" unless removal of the structure "will result in a threat or hazard to public health and safety or will result in substantial environmental damage." Madawaska, Me., Shoreland Zoning Ordinance § 16(H)(3) (June 13, 1996).

application nor conducted appropriate enforcement proceedings to eliminate the illegal structure according to the court's May 9 order. Following a non-testimonial hearing, further briefing, and the parties' submission of additional evidence in the form of affidavits and exhibits, the court found that the Town had in fact instituted appropriate enforcement proceedings against the Collinses in the District Court (Madawaska), which proceedings were resolved by a consent order and judgment dated December 17, 2007, and approved by the court (*Daigle, J.*).[2] Because the Town had conducted an enforcement action in compliance with the court's order and section 16H of the Ordinance, and because no challenge to the resulting consent judgment was ever instituted, the court denied Cayer's motion for contempt. Cayer timely appeals.

## II. DISCUSSION

 [¶ 7] Cayer contends that the court erred in denying his motion for contempt without having first issued a contempt subpoena and conducted a full evidentiary hearing as is required by M.R. Civ. P. 66(d), and challenges the court's determination that the consent judgment between the Town and the Collinses resolved "appropriate" enforcement proceedings. Evaluation of a contempt motion requires the court to compare the requirements of the court's previous order with the actions taken by the alleged contemnor, taking into account whether it was within the power of the alleged contemnor to perform the act required. *White v. Nason*, 2005 ME 73, ¶ 7, 874 A.2d 891, 893.

"Absent any clear error in the underlying factual determinations, we review the denial of a motion for civil contempt for abuse of discretion." *Ellis v. Ellis*, 2008 ME 191, ¶ 24, 962 A.2d 328, 334 (quotation marks omitted). The interpretation of Rule 66(d) is an issue of law we review de novo. *Bean v. Cummings*, 2008 ME 18, ¶ 17, 939 A.2d 676, 682.

[¶ 8] Rule 66(d) applies when "remedial sanctions are sought for contempt occurring outside the presence of the court." M.R. Civ. P. 66(d)(1). It requires, in pertinent part:

(2) *Procedure.*

(A) *Initiation.* A proceeding under this subdivision, or a request for remedial sanctions in a proceeding under subdivision (b) or (c) of this rule, is initiated by the court on its own motion or at the suggestion of a party. The motion of a party shall be under oath and set forth the facts that give rise to the motion or shall be accompanied by a supporting affidavit setting forth the relevant facts.

(B) *Notice.* The court shall set the matter for hearing on oral testimony, depositions, or affidavits and shall order that a contempt subpoena be served on the alleged contemnor. The subpoena shall set forth the title of the action and the date, time, and place of the hearing and shall allow the alleged contemnor a reasonable time to file an answer and prepare a defense. The subpoena may include an order to request documents requested by the moving party. The subpoena shall contain a warning that failure to obey it may result in arrest

2. According to the consent judgment, an intervening amendment to the Shoreland Zoning Ordinance now renders the Collinses' property in compliance with applicable ordinance provisions. The consent judgment requires the Collinses to pay a $1500 fine for the period during which the illegal structure was not in compliance with local ordinance provisions, an additional $1500 fine to be suspended unless and until the Collinses bring about any new ordinance violations on that property, and $3500 for the Town's attorney fees.

and that if the court finds the alleged contemnor to have committed contempt, the court may impose sanctions that may include fines and imprisonment, or both.

(C) *Service.* The contempt subpoena shall be served with a copy of the court order or of the motion and any supporting affidavit upon the alleged contemnor. Service upon an individual shall be made in hand by an officer qualified to serve civil process. Service upon a party that is not an individual shall be made by any method by which service of a civil summons may be made. Service shall be completed no less than 10 days prior to the hearing unless a shorter time is ordered by the court.

(D) *Hearing.* All issues of law and fact shall be heard and determined by the court. The alleged contemnor shall have the right to be heard in defense and mitigation. In order to make a finding of contempt, the court must find by clear and convincing evidence that:

(i) the alleged contemnor has failed or refused to perform an act required or continues to do an act prohibited by a court order, and

(ii) it is within the alleged contemnor's power to perform the act required or cease performance of the act prohibited.

M.R. Civ. P. 66(d)(2). Thus, by its plain terms, Rule 66(d)(2) requires the court to order service of a contempt subpoena on the alleged contemnor, and to conduct a hearing and take evidence by testimony, depositions, or affidavits.

[¶ 9] In the instant matter, the court did not issue a contempt subpoena before holding a hearing. Upon receiving notice of Cayer's contempt motion, however, the Town submitted a detailed written answer denying Cayer's assertions, thereby obviating the need for the court to issue a contempt subpoena to it. As is permitted by Rule 66(d)(2)(B), the court conducted a non-testimonial hearing on Cayer's motion, and allowed Cayer and the Town to submit additional evidence by affidavit and exhibits, as well as further written argument. Given the trial court's familiarity with the history of the parties' dispute, and the extensive documentation filed by Cayer in support of his motion, the court had an ample record on which to base its decision on Cayer's motion for contempt. In these unique circumstances, we cannot find that the court erred in failing to issue a contempt subpoena to the Town. Further, because the court's finding that the Town undertook appropriate enforcement action—and thus was not in contempt of the May 9 order—is supported by competent evidence in the contempt record, we do not disturb that finding.

The entry is:

Judgment affirmed.