MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:       2016 ME 6
Docket:         Aro-15-211
Submitted
 On Briefs:     December 17, 2015
Decided:        January 12, 2016

Panel:          SAUFLEY, C.J., and MEAD, GORMAN, JABAR, and HJELM, JJ.

SAMANTHA RAMELLI

v.

UNEMPLOYMENT INSURANCE COMMISSION

HJELM, J.

[¶1]  Samantha Ramelli appeals from a judgment entered in the Superior Court (Aroostook County, *Hunter, J.*) on her petition for review of final agency action, *see* M.R. Civ. P. 80C, affirming a decision issued by the Unemployment Insurance Commission.  In that decision, the Commission concluded that Ramelli had not filed a timely appeal from an earlier administrative order determining that she had been overpaid $13,157 in unemployment insurance benefits.  We affirm the judgment.

[¶2]  Because the Superior Court reviewed the Commission's decision as an intermediate appellate court, we review the Commission's decision directly. *Sinclair Builders, Inc. v. Unemployment Ins. Comm'n*, 2013 ME 76, ¶ 9, 73 A.3d 1061.  Our review is limited "to determin[ing] whether the Commission

2

correctly applied the law and whether its [factual] findings are supported by any competent evidence." *Id.* (quotation marks omitted).

[¶3] In a decision dated and mailed on March 30, 2011, a Deputy of the Department of Labor, Bureau of Unemployment Compensation determined that Ramelli was required to reimburse the Bureau for unemployment insurance benefits she had received between April 2010 and March 2011 totaling $13,157. *See* 26 M.R.S. § 1194(2), (10), (11)(C) (2015). The Deputy found that during this period the Bureau had mailed Ramelli multiple requests for work search logs, that Ramelli had failed to respond to those requests, and that she was therefore not eligible for the benefits she had received.[1] *See* 26 M.R.S. § 1192(3) (2015) (providing that to be eligible for unemployment insurance benefits a claimant must be "actively seeking work in accordance with the regulations of the commission"); *see also* 5 C.M.R. 12 172 003-2 § 1(D) (2004) (stating that benefits will be denied if a claimant fails to respond to the Bureau's requests for "information which is necessary to determine his eligibility"). The Deputy's decision contained an admonition that the specific deadline for any appeal from that overpayment

---

[1] Although the Commission did not make a specific finding on the issue, the record contains evidence that on March 17, 2011, nearly two weeks before the Deputy issued her decision, the Bureau mailed a notice to Ramelli's address of record to schedule a telephone fact-finding interview for the following week. On the scheduled date, the Deputy attempted to contact Ramelli at a telephone number maintained in the Bureau's records, but the person who answered informed the Deputy that nobody with that name was staying there. Because Ramelli's contact information was not effective, she did not participate in the administrative process that led to the Deputy's decision.

determination was April 14, 2011, subject to a fifteen-day enlargement for good cause shown. *See* 26 M.R.S. § 1194(2).[2]

[¶4] On April 11, 2012—nearly one year after the expiration of the appeal period—Ramelli filed an appeal from the Deputy's March 2011 decision with the Department of Labor, Division of Administrative Hearings. In May 2012, the Division dismissed the appeal as untimely. Ramelli then appealed the order of dismissal to the Commission. Although notice of an appeal hearing was sent to Ramelli, she did not appear, and the Commission accordingly dismissed her appeal by order issued in September 2012, and subsequently denied Ramelli's request for reconsideration.

[¶5] Ramelli then filed an appeal from the Commission's order of dismissal with the Superior Court (York County)[3] pursuant to M.R. Civ. P. 80C. On the Commission's own motion, the court (*Fritzsche, J.*) remanded the matter to the Commission for further proceedings. After a hearing where Ramelli testified, the

---

[2] 26 M.R.S. § 1194(2) (2015) provides in pertinent part:

> The deputy shall promptly notify the claimant and any other interested party of the determinations and reasons for the determinations. Subject to subsection 11, unless the claimant or any such interested party, within 15 calendar days after that notification was mailed to the claimant's last known address, files an appeal from that determination, that determination is final, except that the period within which an appeal may be filed may be extended, for a period not to exceed an additional 15 calendar days, for good cause shown.

[3] Ramelli was living in York County when she filed this first appeal to the Superior Court. She later moved to Aroostook County, which is the venue in this action. *See infra* ¶ 6.

4

Commission concluded that the default and resulting dismissal of her appeal to the Commission should be set aside for good cause. *See* 5 C.M.R. 12 172 005-2 § 1(B) (2002). The Commission then remanded the matter to the Division to develop an evidentiary record on both the timeliness of Ramelli's initial appeal of the March 2011 order and the merits of the work search log issue.

[¶6] On that further remand, the Division took testimony from Ramelli and submitted a record of the hearing to the Commission for decision. The Commission then held an additional hearing where Ramelli again testified, as did the Deputy who issued the March 2011 decision, and a claims specialist who had worked with Ramelli. Based on the evidence in the record, the Commission determined that the Deputy's March 2011 decision was mailed—as the statute required—to Ramelli's "last known address," 26 M.R.S. § 1194(2), which was an apartment located in Arundel. In her testimony, Ramelli acknowledged that although her address of record was for the apartment building in Arundel, she was actually living in New Hampshire at that time and that therefore she may not have received the decision. Finding that the Bureau complied with the statutory mailing requirements even though Ramelli was not living at the address of record she had provided, the Commission concluded that Ramelli's April 2012 appeal to the Division of the March 2011 order was untimely, and that therefore neither the

Division nor the Commission had jurisdiction to entertain the merits of the appeal.[4]

Ramelli appealed the Commission's decision to the Superior Court (Aroostook County) pursuant 26 M.R.S. § 1194(8) (2015), 5 M.R.S. § 11002 (2015), and M.R. Civ. P. 80C, and the court (*Hunter, J.*) affirmed the Commission's determination.

[¶7]  On this appeal from the Superior Court judgment, Ramelli argues that the Commission erred by concluding both that her 2012 appeal to the Division of Administrative Hearings of the March 2011 order was untimely, and that she was ineligible to receive unemployment insurance benefits and was obligated to disgorge benefits received during the period of her ineligibility.  We conclude that the Commission correctly determined that Ramelli's appeal was time-barred and do not reach the merits of her challenge to the overpayment determination.

[¶8]  Based on competent evidence, *see Sinclair Builders, Inc.*, 2013 ME 76, ¶ 9, 73 A.3d 1061, the Commission determined that when the Deputy issued the decision on March 30, 2011, finding that Ramelli had failed to comply with her obligation to submit work search logs and ordering her to repay $13,157, the decision was properly mailed that same day to Ramelli's address in Arundel.  As

---

[4]  The Commission determined alternatively that even if Ramelli's appeal were timely, she would not have prevailed.  Ramelli does not dispute the Deputy's finding that she did not submit work search logs but instead she argues that she was not required to do so.  The Commission rejected this contention based on the requirements established in 26 M.R.S. § 1192(2) (2015), which is different in some respects from the version of section 1192(2) that was in effect when the Deputy made the overpayment determination in March 2011.  *See* 26 M.R.S. § 1192(2) (2010); P.L. 2011, ch. 645, § 2 (effective Aug. 30, 2012) (codified at 26 M.R.S. § 1192(2) (2015)).  Because we do not reach the merits of Ramelli's argument and because, in any event, the issue was not raised by the parties in this appeal, we do not consider whether the Commission applied the correct version of 26 M.R.S. § 1192.

Ramelli herself acknowledged, that address was the most current one she had provided to the agency even though she was not residing there at the time.

[¶9]  Pursuant to 26 M.R.S. § 1194(2), a benefit determination is final unless the claimant files an appeal "within 15 calendar days after that notification was *mailed to the claimant's last known address*."  (Emphasis added.)  Therefore, the fifteen-day appeal period began to run on March 30, 2011, which was the date the decision was mailed to Ramelli's address of record.  As the Commission found and as the decision itself correctly specified, the deadline for any appeal was April 14, 2011, subject only to a fifteen-day enlargement for good cause shown.  *See id.* Ramelli filed an appeal from the Deputy's March 2011 decision, but she did not do so until April *2012*—nearly one year late.  The Commission correctly concluded that Ramelli's appeal was filed well beyond any deadline allowed by statute.

[¶10]  We have held that although Maine's Employment Security Law is "remedial legislation mandating a liberal construction in favor of the claimant," the statutory appeal periods within "the chain of administrative review are jurisdictional and mandatory."  *McKenzie v. Me. Emp't Sec. Comm'n*, 453 A.2d 505, 509 (Me. 1982).  If we were to determine that Ramelli's appeal was timely even though it was filed nearly one year after the deadline established by the clear language of the controlling statute, we would be rewriting that statute—something we cannot do.  *See id.* (stating that a court may not "enlarge the scope of

the" Employment Security Law). Rather, it is manifest that Ramelli's appeal from the Deputy's March 2011 decision was time-barred and that she could not invoke the administrative appellate process to challenge the merits of that decision. Accordingly, the Commission correctly concluded that the Deputy's March 2011 decision had become final and that it was without jurisdiction to address the merits of her untimely appeal.

The entry is:

Judgment affirmed.

**On the briefs:**

Samantha Ramelli, appellant pro se

Janet T. Mills, Attorney General, and Nancy Macirowski, Asst. Atty. Gen., Office of the Attorney General, Augusta, for the Unemployment Insurance Commission

Aroostook County Superior Court docket number AP-2014-5
FOR CLERK REFERENCE ONLY