MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2016 ME 122
Docket:      Kno-15-505
Submitted
  On Briefs:  June 22, 2016
Decided:     August 2, 2016

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

## JORGE A. TORRES

v.

## DEPARTMENT OF CORRECTIONS

GORMAN, J.

[¶1]  Jorge A. Torres appeals from an order of the Superior Court (Knox County, *Billings, J.*) dismissing, for failure to pay an initial partial filing fee, Torres's petition seeking judicial review of a final Department of Corrections decision.   We vacate the judgment and remand the case for further proceedings.

## I.  BACKGROUND

[¶2]   This case has an exceedingly muddled procedural history, compounded by confounding actions by the Department of Corrections.  In an effort to ensure that this series of events is not repeated, we describe the events that occurred in some detail.

[¶3]  Torres is incarcerated at the Maine State Prison.  On July 20, 2015, pursuant to 5 M.R.S. §§ 11001-11008 (2015) and M.R. Civ. P. 80C, he filed a petition in the Superior Court (Knox County) for judicial review of a final Department of Corrections decision finding him guilty of the disciplinary offense of tattooing.  With the petition, he filed an application to proceed without payment of fees, an indigency affidavit, and a certified prisoner account statement.  *See* 4 M.R.S. § 1058(1) (2015); M.R. Civ. P. 91(a)(1), (2).  The account statement showed that he had $0.03 available in his general account, that the average monthly balance in that account during the previous six months was $3.14, and that the average monthly deposits during those months equaled $25.83.

[¶4]  In an order dated July 22, 2015, the court (*Billings, J.*) found that Torres's application to proceed without payment of fees was complete, that the petition for review was not frivolous, and that Torres was proceeding in good faith.  Based on the information in Torres's account statement, the court ordered him to pay an initial partial filing fee of $5.16 by August 12, "failing which the matter shall be dismissed for lack of prosecution."

[¶5]  Through a motion dated July 29, but not received by the court until August 7, 2015, Torres requested that the court "clarify prisoner funds and

inability to pay partial filing fee," arguing that because he did not have the means to pay the initial partial filing fee, the court could not prevent him from proceeding with his petition for review. He included an updated certified account statement showing that he had no money available in his general account, that the average monthly balance during the previous six months was $2.15, and that the average monthly deposits during those months was $25.83.

[¶6] At the same time, Torres filed a "motion on acceptance of service" and a "motion to request service." In these motions, he asserted that he was unable to pay for service by certified mail as required by 5 M.R.S. § 11003(1), but had mailed four copies of his petition, eight copies of service acknowledgement forms, four self-addressed stamped envelopes, and a letter, by ordinary first class mail, to the Assistant Attorney General representing the Department.[1] Attached to one of these motions was a letter Torres received from the Department's counsel after he attempted to serve the Department by regular mail. The letter, dated July 1, 2015, states:

> I am responding to your letter dated June 26, 2015 asking me to accept service by regular mail of a Rule 80C that you may have filed in court.

---

[1] Torres also alleged that the Department does not send prisoners' mail by certified mail.

> I have checked your facility account and have been told that you received $100.00 as recently as May 11, 2015 and then proceeded to spend most of it on canteen purchases on May 15 and May 21. Therefore, I will not accept service.[2]

Torres requested that the court serve his petition on the Department of Corrections or that it order the Attorney General's Office to accept service of his petition by regular first class mail.

[¶7] On September 8, 2015, one month after filing his motions, Torres filed a "motion to request status update on previous motions." And, after hearing nothing from the court, on September 23, 2015, Torres filed a "motion to request leave to amend original complaint." Two days later, the court issued an order dismissing the petition, based on its finding that Torres had failed to pay $5.61 by August 12. The court made no finding regarding Torres's ability to pay the initial partial filing fee. The court also did not address Torres's motions about service costs or amended pleadings, declaring that all pending motions were moot.

[¶8] On October 13, 2015, Torres filed a timely notice of appeal, along with an application to proceed with the appeal without payment of fees, an

---

[2] The trial court file contains a statement of the "facility account," showing that $25 of that $100 was used to make a payment towards Torres's fine obligations, $69.36 was spent in the prison canteen, and the remainder was used for telephone calls. The statement also shows that, other than the $100 he received on May 11, the only other deposit of money greater than $10 since December 29, 2014, was a $45 deposit made on April 29, 2015. From that sum, $11.25 was taken for fine payments.

indigency affidavit, and an updated certified account statement. The same day, the court found that the appeal was not frivolous and was taken in good faith, and ordered that Torres pay an initial partial appeal filing fee of $4.83 by October 30, 2015, "failing which the matter shall be dismissed for lack of prosecution."

[¶9] Also on October 13, although no portion of the filing fee had been paid, the clerk's office electronically sent the notice of appeal and copies of all of Torres's filings to the Office of the Clerk of the Law Court.[3] That office issued a "notice of docketing" to Torres and to the Office of the Attorney General, on behalf of the Department of Corrections. On October 22, 2015, we received a letter from the Department of Corrections stating, inter alia:

> The Department of Corrections was not served and is not a party to the case. Therefore, we will not be participating in the appeal unless the court directs us to do so.

[¶10] Meanwhile, back in the trial court, Torres again moved "to clarify prisoner funds and inability to pay partial filing fee," arguing that he did not have the means to pay the initial partial appeal filing fee and that he could not be prevented from proceeding with the appeal on that basis. On November 4, 2015, the court denied the motion without comment. On November 17, 2015,

---

[3] Maine Rule of Appellate Procedure 3(a) requires a trial court clerk to "transmit a copy of the notice of appeal" to the Clerk of the Law Court "[u]pon receipt of the notice of appeal and, when required, *the requisite fee or waiver*." (Emphasis added.)

6

Torres filed an "objection" to the denial of the motion. One month later, on December 16, the court ordered Torres to provide yet another updated certified account statement; stated that it would "reassess [Torres's] financial status and issue an appropriate order"; and stayed, pending receipt of the updated account statement, the previous order requiring the initial partial appeal filing fee.

[¶11] Given the Department's assertion that it was "not a party to the case," and that it would "not be participating in the appeal unless the court direct[ed] [it] to do so," we invited the Attorney General's Office to file a brief as amicus curiae, and ordered that the Department "will be a party to this action unless the dismissal is affirmed." The Department, while continuing to assert that it was "not a party to this appeal" because it had not been served, filed a motion to dismiss the appeal, arguing that neither we nor the trial court had subject matter jurisdiction over the case. We decided to consider the Department's motion with the merits of the appeal.

## II. DISCUSSION

A. Motion to Dismiss the Appeal

[¶12] We first note that the Attorney General's Office, in its brief, has now requested leave to withdraw the Department's motion to dismiss this

appeal. That request is granted, and we therefore do not address the motion further.

B.     Dismissal for Failure to Pay Initial Partial Filing Fee

[¶13]  Torres argues that because he has no funds with which to pay the initial partial filing fee, the court abused its discretion when it dismissed his petition for failure to pay that fee. The Attorney General's Office agrees with Torres and recommends that the case be remanded for the trial court to determine whether Torres has the ability to pay the filing fee. "We review the court's dismissal of an action for failure to prosecute for an abuse of discretion." *West Point-Pepperell v. State Tax Assessor*, 1997 ME 58, ¶ 7, 691 A.2d 1211. We review the Superior Court's authority de novo, *City of Biddeford v. Holland*, 2005 ME 121, ¶ 6, 886 A.2d 1281, and we also interpret statutes and court rules de novo, *Carrier v. Sec'y of State*, 2012 ME 142, ¶ 12, 60 A.3d 1241 (statutes); *Cayer v. Town of Madawaska*, 2009 ME 122, ¶ 7, 984 A.2d 207 (rules).

[¶14]  Any person seeking to proceed with an action, motion, or appeal without payment of fees or costs may file or renew an application in the court where the action, motion, or appeal is to be filed. M.R. Civ. P. 91(a)(1), (f)(1). The person must include an affidavit disclosing his or her assets, income, and

8

expenses, and certifying that the filing is made in good faith. M.R. Civ. P. 91(a)(2), (f)(1). Although nonincarcerated persons may have filing fees and service costs waived altogether, there is no such option for incarcerated persons seeking to "bring a civil action arising under federal or state law in any court in this State with respect to a condition of that person's confinement or the effect of an action or inaction by a government official on the life of that person confined." 4 M.R.S. § 1058(1). The only relief available to them is to have an extended period of time to pay the entire fee. 4 M.R.S. § 1058(2)-(5) (2015). In order to receive that relief, incarcerated persons seeking to bring certain civil actions without prepayment of the filing fee must submit, in addition to the documents required by Rule 91, a certified prisoner account statement. 4 M.R.S. § 1058(1). Section 1058 governs the process by which the court must then review the prisoner's application. *See* 4 M.R.S. § 1058(2)-(5).

[¶15] The court must waive prepayment of the full filing fee if it "finds that the action or appeal is not frivolous and has been brought in good faith and that the person is without sufficient funds to pay the filing fee." 4 M.R.S. § 1058(2). Where the court makes these findings and waives prepayment, it must "assess the person's financial status and, when funds exist, collect as a

partial payment of the filing fee an initial partial filing fee."[4]  4 M.R.S. § 1058(3).  In any event,

> A person may not be prohibited from bringing a civil action or appealing a civil action if the court finds that the action or appeal is not frivolous and has been brought in good faith and that the person has no assets and no means by which to pay the initial partial filing fee.

4 M.R.S. § 1058(5).

[¶16]  We have not previously examined the question presented here: whether a court can dismiss an indigent prisoner's action for failure to pay the initial partial filing fee without first determining that the person has the ability to pay that fee.  The relevant provisions of section 1058 are virtually identical to provisions found in the federal statute governing prisoner applications to proceed with an action or appeal without payment of fees.  *See* 28 U.S.C.S. § 1915(a), (b) (LEXIS through Pub. L. No. 114-95).  The provisions of 28 U.S.C.S. § 1915(b) that require eventual payment in full

---

[4]  The statute specifies that the initial partial filing fee is 20% of whichever is greater: "the average monthly deposits" to the person's account during the six months preceding the filing of the action or appeal, or "the average monthly balance" in the person's account during the same period. 4 M.R.S. § 1058(3)(A), (B) (2015).  Torres does not claim that the court calculated the initial partial filing fee incorrectly.

Where the court waives prepayment of the full filing fee and assesses an initial partial filing fee, the applicant must still eventually pay the full filing fee.  4 M.R.S. § 1058(3) (2015).  To satisfy this obligation, after payment of the initial partial filing fee, the person must "make monthly payments of 20% of the preceding month's deposits to the general client account" each time his or her account balance exceeds $10.  4 M.R.S. § 1058(4) (2015).

and establish the procedure for assessing and collecting initial partial filing fees were enacted as part of the Prisoner Litigation Reform Act, "which installed a variety of measures designed to filter out the bad claims filed by prisoners and facilitate consideration of the good." *Bruce v. Samuels*, 136 S. Ct. 627, 629-30 (2016) (alteration omitted) (quotation marks omitted).

[¶17]   As both Torres and the Attorney General's Office point out, several federal appeals courts have directly addressed the issue and have concluded that the trial court may not dismiss a prisoner's claim due to failure to pay a partial initial filing fee without first finding that the prisoner has the ability to pay the fee. *See Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014) (per curiam) (concluding that the trial court "abused its discretion by dismissing the case without determining whether [the plaintiff, a prisoner,] was at fault for not paying [the] initial [partial filing] fee"); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) ("[A] district court cannot dismiss an [indigent] prisoner's case based on his failure to pay the initial fee when his failure to pay is due to the lack of funds available to him when payment is ordered."); *see also Wilson v. Sargent*, 313 F.3d 1315, 1320-22 (11th Cir. 2002) (per curiam); *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) (per curiam); *Tucker v. Branker*, 142 F.3d 1294, 1296 (D.C. Cir. 1998);

*Henderson v. Norris*, 129 F.3d 481, 483-84 (8th Cir. 1997) (per curiam); *Hampton v. Hobbs*, 106 F.3d 1281, 1284 (6th Cir. 1997).[5]

[¶18]  These decisions are grounded in the plain language of provisions of section 1915(b) that are analogous to those found in 4 M.R.S. § 1058—the court is to collect the initial partial filing fee "when funds exist," 28 U.S.C.S. § 1915(b)(1); *see* 4 M.R.S. § 1058(3), and the court cannot prohibit a person from proceeding with a nonfrivolous action brought in good faith where the person "has no assets and no means by which to pay the initial partial filing fee," 28 U.S.C.S. § 1915(b)(4); *see* 4 M.R.S. § 1058(5).  As the Ninth Circuit Court of Appeals pointed out, the filing fee requirements for prisoners do not violate the constitutional right of access to the courts *because* they contain these provisions.  *Taylor*, 281 F.3d at 847-48.

[¶19]  Based on the plain language of section 1058, we reach the same conclusion here.  In reviewing a prisoner's application to proceed with a motion, action, or appeal without payment of fees or costs, where the court finds that the action or appeal is not frivolous and has been brought in good faith and that the applicant does not have sufficient funds to pay the full filing fee, it must waive prepayment of the full fee.  *See* 4 M.R.S. § 1058(2).

---

[5]  Citing 28 U.S.C.S. § 1915(b)(4) (LEXIS through Pub. L. No. 114-95), the United States Supreme Court stated recently that "[t]he initial partial filing fee may not be exacted if the prisoner has no means to pay it." *Bruce v. Samuels*, 136 S. Ct. 627, 630 (2016).

12

The court must then assess an initial partial filing fee. *See* 4 M.R.S. § 1058(3)(A), (B). If the person claims that he or she does not have enough money to pay the initial partial filing fee, the court must make a finding as to the person's ability to pay. *See* 4 M.R.S. § 1058(3), (5). The court cannot dismiss an action based on nonpayment of the initial partial filing fee unless it has found that the person has the ability to pay the fee. *See* 4 M.R.S. § 1058(3), (5); *see also, e.g.*, *Thomas*, 745 F.3d at 312-13; *Taylor*, 281 F.3d at 850.

[¶20] Here, because the court made no finding as to Torres's ability to pay when it dismissed his case, we must vacate the judgment and remand the case to the Superior Court to determine whether Torres has means to pay the initial partial filing fee, and for the case to proceed accordingly.

C.    Service

[¶21] On remand, the court should also address the motions pending when it dismissed Torres's petition, including Torres's motions requesting that the court pay for service costs or order the Department to accept service by regular first class mail.

[¶22] Pursuant to the Administrative Procedure Act, a petition for review of a final agency decision "shall be served by certified mail, return receipt requested, upon" the agency, the parties to the agency proceeding that

gave rise to the decision to be reviewed, and the Attorney General. 5 M.R.S. § 11003(1). That means that, in cases like this one, where the court must order all or part of an indigent prisoner's service costs to be paid as an administrative expense of the court, *see* M.R. Civ. P. 91(c), if the Attorney General's Office will not accept service by regular mail, the judicial branch will bear the cost of having the prisoner's suit against the Department of Corrections served on the Department's counsel by certified mail.

[¶23] The Attorney General's Office argues that the certified mail requirement "allows for an inexpensive and informal method of service" and helps to "alert[] the agency as to the nature of the communication" because "it is often difficult to identify whether the communication has some legal significance." Whether it is "inexpensive" to accomplish service by certified mail depends, of course, on one's circumstances. According to Torres, each mailing costs about $7. Moreover, the Department makes no claim that it did not understand the nature of Torres's petition or that it did not receive it. *See Gaeth v. Deacon*, 2009 ME 9, ¶ 27, 964 A.2d 621 ("The purpose of the rule regarding service is to achieve due process by giving sufficient notice of civil actions."); *Phillips v. Johnson*, 2003 ME 127, ¶ 24, 834 A.2d 938 ("[A]ctual notice is the ultimate goal of any form of service . . . ."). Torres's petition is

14

titled "PETITION FOR JUDICIAL REVIEW OF FINAL AGENCY ACTION" and, in the caption, clearly identifies the Department as a defendant. Rather than invoking the certified mail requirement to ensure that it was aware of the nature of Torres's communication, however, it appears that the Department used the requirement as a tool to punish Torres for (in the Department's view) mismanaging his personal funds.

[¶24] At this time, no statute or rule authorizes us or the trial court to order the Department, in whose custody Torres is confined, to simply acknowledge service in these circumstances. As the Department's counsel's letter to Torres and the Attorney General's brief both state, however, the Department can and does sometimes waive the certified mail requirement and accept service by regular mail.[6] In this case, however, given the length of time the case has languished, and the obvious familiarity of the Department with Torres's complaint, we would expect the Department to acknowledge that it has been served and to move forward with its defense to the merits of Torres's petition. *See* M.R. Civ. P. 4(c)(1).

---

[6] The Department may, in general, wish to standardize a process for accepting service by regular mail.

The entry is:

> Order dismissing petition vacated. Remanded for further proceedings consistent with this opinion.

---

**On the briefs:**

Jorge A. Torres, appellant pro se

Janet T. Mills, Attorney General, James E. Fortin, Asst. Atty. Gen., and Diane E. Sleek, Asst. Atty. Gen., Office of the Attorney General, Augusta, for amicus curiae Office of the Attorney General

The Department of Corrections did not file a brief

Knox Superior Court docket number AP-2015-16
FOR CLERK REFERENCE ONLY