MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2017 ME 7
Docket:        Ken-16-35
Submitted
  On Briefs:   October 13, 2016
Decided:       January 12, 2017

Panel:         ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

## DANIEL E. MUTTY

### v.

## DEPARTMENT OF CORRECTIONS

PER CURIAM

[¶1]  This appeal concerns whether a petition to review a disciplinary decision by the Department of Corrections was timely filed and whether the court properly dismissed the petition for lack of jurisdiction.

[¶2]  Daniel E. Mutty appeals from a judgment of the Superior Court (Kennebec County, *Marden, J.*) dismissing his Rule 80C petition for failure to state a claim and an order (*Murphy, J.*) denying his motion to set aside the judgment pursuant to M.R. Civ. P 60(b).  We conclude that the court erred in dismissing the petition and vacate the judgment.

## I. BACKGROUND[1]

[¶3]  On July 21, 2015, Daniel E. Mutty filed a petition in the Superior Court challenging a disciplinary decision by the Department of Corrections that resulted in a deprivation of good-time credit and the imposition of monetary sanctions.  At the same time, Mutty moved to proceed without payment of the filing fee and service costs and submitted supporting documentation.[2]

[¶4]  On September 10, 2015, the court (*Marden, J.*) issued a written order that stated:

> Petitioner fails to state a claim on which relief can be granted.  The court cannot determine its jurisdiction in the absence of its determination of the date of the final agency action.  This matter will be dismissed unless the petition is amended within 15 days of receipt of this order.

Mutty's petition was dismissed on October 21, 2015.  The docket entry stated "Case dismissed per 9/10/15 Order."

---

[1]  The record and procedural history in this case are convoluted and disorganized.  We thus recite the background in some detail.  *See Torres v. Dep't of Corr.*, 2016 ME 122, ¶ 2, 145 A.3d 1040.  We acknowledge that these cases, often wrought with procedural pitfalls and navigated by unrepresented parties, can present challenges for litigants and the courts.

[2]  The record materials, including the docket, reflect that Mutty's application to proceed without a filing fee and to cover service costs submitted in July 2015 was never acted upon.  Mutty's application included his general account statement for the previous six months.  *See Collins v. Dep't of Corr.*, 2015 ME 112, ¶¶ 4-5, 122 A.3d 955.  Because the waiver was never acted upon, the Department was never served and did not appear in this case.

[¶5]  In a letter dated the same day as the dismissal, the clerk informed Mutty that correspondence he had attempted to submit to the court had been rejected as an ex parte communication and would not be accepted until he complied with the applicable civil rules.  According to Mutty, the clerk enclosed with the letter an amended petition that he had mailed on September 17, 2015, in an attempt to comply with the court's September 10 order.

[¶6]  On November 4, 2015, Mutty attempted to file a notice of appeal and an amended petition that alleged a final agency action date: July 20, 2015.  Mutty also attempted to file a motion to reconsider.  The notice of appeal and motion to reconsider were rejected on November 21, 2015, for Mutty's failure to include a filing fee or an application to waive the fee.  On December 2, 2015, Mutty filed a motion pursuant to M.R. Civ. P. 60(b) to set aside the order dismissing his petition, together with a motion to proceed without payment of fees.  On January 8, 2016, the court (*Murphy, J.*) granted the motion to waive fees[3] and denied the Rule 60(b) motion.

[¶7]  On January 19, 2016, Mutty filed a second notice of appeal and submitted an application to proceed with the appeal without payment of fees.

---

[3]  It appears this waiver only applied to the fee for the Rule 60(b) motion.  As noted previously, the court never acted upon the initial application for a fee waiver submitted in July 2015.

4

Mutty sought to appeal from both the dismissal of his petition and the denial of his Rule 60(b) motion pursuant to 5 M.R.S. § 11008(1) (2016) and M.R. App. P. 2. The court (*Mullen, J.*) granted the motion to proceed with the appeal without payment of fees on February 11, 2016. This appeal followed.

## II. DISCUSSION

[¶8] An appeal from a final agency action must be commenced "within 30 days after receipt of notice if taken by a party to the proceeding of which review is sought." 5 M.R.S. § 11002(3) (2016). The time limits set forth in the Administrative Procedure Act (APA), 5 M.R.S. §§ 11001-11008 (2016), "are jurisdictional," *Persson v. Dep't of Human Servs.*, 2001 ME 124, ¶ 9, 775 A.2d 363, meaning that unless the petition is timely filed, the court lacks jurisdiction. *See Ramelli v. Unemployment Ins. Comm'n*, 2016 ME 6, ¶ 10, 130 A.3d 963. If jurisdiction is lacking, the court must dismiss the petition. M.R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). When reviewing a motion to dismiss for "lack of subject matter jurisdiction, we make no favorable inferences in favor of the plaintiff." *Tomer v. Me. Human Rights Comm'n*, 2008 ME 190, ¶ 9, 962 A.2d 335. We have emphasized that the APA's time limits "must be applied uniformly and consistently to parties

represented by counsel and self-represented parties alike." *Fournier v. Dep't of Corr.*, 2009 ME 112, ¶ 2, 983 A.2d 403.

[¶9] Because the court dismissed Mutty's petition for lack of jurisdiction, we look to the APA to determine whether the court had jurisdiction. *See Tomer*, 2008 ME 190, ¶¶ 8-14, 962 A.2d 335. We review de novo an issue of statutory interpretation and a dismissal for lack of jurisdiction. *See Windham Land Tr. v. Jeffords*, 2009 ME 29, ¶ 12, 967 A.2d 690; *Tomer*, 2008 ME 190, ¶ 9, 962 A.2d 335. In construing statutes, we first consider the plain language "and we interpret [statutory] provisions according to their unambiguous meaning unless the result is illogical or absurd." *Sabina v. JPMorgan Chase Bank, N.A.*, 2016 ME 141, ¶ 6, 148 A.3d 284 (alteration in original) (quotation marks omitted).

[¶10] Although the court ordered Mutty to allege the date of final agency action, the relevant date for purposes of jurisdiction pursuant to the APA is the date Mutty *received notice* of the agency decision, 5 M.R.S. § 11002(3), not the final agency action date. *See Fournier*, 2009 ME 112, ¶ 2, 983 A.2d 403. Furthermore, nothing in the statute requires petitioners to allege a specific

6

date, but rather only requires that they allege "the final agency action . . . they wish reviewed." 5 M.R.S. § 11002(2) (2016).[4]

[¶11] A petition that states a claim for relief and facially meets statutory requirements is, at least preliminarily, sufficient to establish jurisdiction. *See Bureau of Taxation v. Town of Washburn*, 490 A.2d 1182, 1186 (Me. 1985); *Dufresne v. Bd. of Trs.*, 428 A.2d 412, 414 (Me. 1981); *Sewall v. Spinney Creek Oyster Co.*, 421 A.2d 36, 38 (Me. 1980) (stating that the Maine Rules of Civil Procedure governing pleadings generally apply to petitions for review of government agency action brought pursuant to the APA); *see also* M.R. Civ. P. 8(a).

[¶12] On the other hand, the court may properly dismiss a petition for lack of jurisdiction when, for example, the date the petitioner received notice of the final agency action is clear from the petition, or when a party in the case raises the jurisdictional defect, and the court then determines that the petition was untimely. *See, e.g., Collins*, 2015 ME 112, ¶¶ 2-3, 11-12, 122 A.3d 955; *Fournier*, 2009 ME 112, ¶ 7, 983 A.2d 403; *Britton v. Dep't of Conservation*, 2009 ME 60, ¶ 12, 974 A.2d 303; *Davric Me. Corp. v. Bangor Historic Track, Inc.*,

---

[4] The APA further requires that the petition contain the "persons seeking review," the "manner in which they are aggrieved," a statement as to the action or inaction under review, the demand for relief, and the grounds for relief. 5 M.R.S. § 11002(2) (2016).

2000 ME 102, ¶¶ 11-12, 751 A.2d 1024; *see also* 2 Harvey & Merritt, *Maine Civil Practice* § 12:7 at 414-15 (3d, 2016-2017 ed.) ("[T]he court will dismiss [for lack of subject matter jurisdiction] of its own initiative *whenever the defect appears.*" (emphasis added)). There must be some affirmative basis in the record for the court to conclude it lacks jurisdiction. *See id.*

[¶13]  The court erred in dismissing the petition.  By ordering Mutty to allege a specific date, and dismissing for his failure to do so, the court improperly required that the petition include content not required by 5 M.R.S. § 11002(2) and *presumed* a lack of jurisdiction without a basis to discern the date Mutty in fact received notice. *See* 5 M.R.S. § 11002(3); *see also Pederson v. Cole*, 501 A.2d 23, 25 n.2 (Me. 1985) ("Any claimed deficiency in the pleading . . . does not deprive the court of jurisdiction."); *cf. State v. Nolan*, 150 Me. 355, 356, 111 A.2d 478, 479 (1955) ("[T]he jurisdiction of trial justices depends upon statutory provisions and cannot be enlarged by presumption or by implication, and . . . the facts which determine the jurisdiction must appear of record . . . ." (quotation marks omitted)).  We therefore vacate the order.[5] Because the Department neither was served nor appeared in this case, we also

---

[5]  Because we vacate the order of dismissal, we need not address whether the court erred in denying Mutty's motion pursuant to M.R. Civ. P. 60(b).

8

remand for the court to act on Mutty's initial motion to waive fees associated with service costs. Any jurisdictional defect that surfaces on remand can be addressed by the court in the first instance.

The entry is:

> Judgment vacated. Remanded to the trial court to act on Mutty's motion for waiver of fees associated with service costs.

---

Daniel E. Mutty, appellant pro se

The Department of Corrections did not file a brief

Kennebec County Superior Court docket number AP-2015-51
For Clerk Reference Only