MAINE SUPREME JUDICIAL COURT                Reporter of Decisions
Decision:     2018 ME 53
Docket:       Ken-17-417
Submitted
  On Briefs:  April 10, 2018
Decided:      April 19, 2018

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STEVE R. ANCTIL

v.

DEPARTMENT OF CORRECTIONS

PER CURIAM

[¶1]  On August 18, 2017, Steve R. Anctil, an inmate at the Maine State Prison, filed a petition in the Superior Court (Kennebec County) pursuant to M.R. Civ. P. 80C, seeking review of a disciplinary decision of the Department of Corrections.  In his petition, Anctil identified the matter as "Disciplinary Case Number MSP-2017-1051"; asserted that several procedural and constitutional errors were committed in the report of, hearing on, and decision in that matter; and requested that the Superior Court vacate the disciplinary decision and award damages.  With the petition, Anctil filed an application to proceed without payment of fees, an indigency affidavit, and a certificate with attached documentation establishing the balance in his prisoner trust account.  Anctil appeals from the court's (*Marden, J.*) dismissal of his petition, which the court

2

entered sua sponte in a one-sentence decision: "After review of the pleadings the Court ORDERS: case dismissed for lack of jurisdiction."[1]  The record is otherwise devoid of any indication of the basis on which the court concluded that it lacked jurisdiction.

[¶2]  Seven months before the Superior Court dismissed this petition, we addressed the court's similar action in another matter.  In *Mutty v. Department of Corrections*, as here, an inmate filed a petition pursuant to Rule 80C, seeking review of a disciplinary decision of the Department of Corrections.  2017 ME 7, ¶ 3, 153 A.3d 775.  The Superior Court, sua sponte, dismissed the matter for failure to state a claim on which relief could be granted, stating, "The court cannot determine its jurisdiction in the absence of its determination of the date of the final agency action."  *Id.* ¶ 4 (quotation marks omitted).  We determined that although the court may dismiss a matter when a jurisdictional defect is "clear from the petition, or when a party in the case raises the jurisdictional defect, and the court then determines that the petition was untimely," nothing in the Maine Administrative Procedure Act, 5 M.R.S. §§ 8001-11008 (2017), required that the petitioner allege the specific date of the final agency action.

---

[1]  The Department did not appear in the matter before the trial court and is not a party to the appeal.

*Mutty*, 2017 ME 7, ¶¶ 10, 12, 153 A.3d 775.  We held, "A petition that states a claim for relief and facially meets statutory requirements is, at least preliminarily, sufficient to establish jurisdiction."  *Id.* ¶ 11.  We therefore vacated the dismissal in the absence of any "affirmative basis in the record" to support it.  *Id.* ¶¶ 12-13; *see Fleming v. Comm'r, Dep't of Corr.*, 2002 ME 74, ¶¶ 8-12, 795 A.2d 692 (vacating the dismissal of an inmate's Rule 80C petition and holding that the petitioner's failures to call his pleading a "petition," strictly comply with notice requirements, and ensure that the Department filed the agency record did not deprive the court of jurisdiction even when the pleading included a request for damages and injunctive relief); *cf. Tomer v. Me. Human Rights Comm'n*, 2008 ME 190, ¶¶ 14-16, 962 A.2d 335 (affirming the dismissal of a Rule 80C action after concluding that, on its face, the petition did not seek review of any final agency action).

[¶3]  Just as was true in *Mutty*, no jurisdictional defect is apparent from the record here.  We therefore vacate the judgment dismissing Anctil's complaint and remand the matter to the Superior Court for the court to act on Anctil's application to proceed without payment of fees.  *See* M.R. Civ. P. 91; *Mutty*, 2017 ME 7, ¶ 13, 153 A.3d 775.

The entry is:

> Judgment vacated. Remanded for further proceedings consistent with this opinion.

---

Steve R. Anctil, appellant pro se

Kennebec County Superior Court docket number AP-2017-45
FOR CLERK REFERENCE ONLY